ESTATE OF GAINEY v. SOUTHERN FLOORING & ACOUSTICAL CO.

[184 N.C. App. 497 (2007)]

THE ESTATE OF LEWARD BENMACK GAINEY, DECEASED, EMPLOYEE, PLAINTIFF v.
SOUTHERN FLOORING AND ACOUSTICAL CO., INC., EMPLOYER, USF&G AND
KEMPER INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA06-785

(Filed 3 July 2007)

### 1. Workers' Compensation— finding of fact—stopped working as result of disease—insufficiency of evidence

The Industrial Commission erred in a workers' compensation case by its finding of fact that plaintiff stopped working in 1995 as a result of his disease and plaintiff's asbestos-related condition continued to deteriorate until his death because plaintiff stated unequivocally in answer to an interrogatory regarding this issue that his retirement was in no way related to any medical problem, but that he was age 60 and decided it was time to retire; and there was no evidence before the Commission as to plaintiff's condition after a doctor's last note in evidence dated 12 October 2004 until plaintiff's death on 9 May 2005. Although this finding of fact was erroneous, it was not reversible error since it did not affect the Commission's conclusions of law.

### 2. Workers' Compensation— finding of fact—asbestosis as result of employment—unable to perform gainful employment

Competent evidence supported the Industrial Commission's finding of fact that plaintiff had suffered from asbestosis as a result of his employment with defendant employer and the disease had rendered him unable to perform gainful employment since 3 December 1999. The possibility that one doctor's statements could support a contrary finding are of no consequence.

### 3. Workers' Compensation— totally and permanently disabled—asbestosis

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff was totally and permanently disabled, and entitled to benefits under N.C.G.S. § 97-29 starting 3 December 1999 based on its findings that: (1) plaintiff had received medical treatment for asbestosis-related problems; (2) plaintiff suffered from breathing problems as a result of asbestosis; (3) plaintiff had suffered from asbestosis as a result of his employment with defendant-employer and the disease had rendered him unable to perform gainful employment since 3 December 1999; (4) plaintiff's breathing problems severely

impaired his daily activities; and (5) as a result of asbestosis, it was difficult, if not impossible, for plaintiff to do any job that required any amount of physical activity.

Appeal by defendants from Opinion and Award entered 2 March 2006 by the Industrial Commission of North Carolina. Heard in the Court of Appeals 5 February 2007.

*Wallace and Graham, P.A., by Edward L. Pauley, for plaintiff-appellee.*

*Teague, Campbell, Dennis & Gorman, L.L.P., by Thomas M. Clare and Courtney C. Britt, for defendant-appellants.*

STROUD, Judge.

Defendants appeal from the Opinion and Award of the Industrial Commission filed on 2 March 2006, which granted workers' compensation benefits and attorney's fees to plaintiff's estate for permanent and total disability due to asbestosis. We affirm.

## I. Factual Background

Plaintiff testified under oath as follows: He began work for defendant-employer in 1969 as a field installer, which primarily involved the installation of asbestos tiles in ceilings. He later became a superintendent for approximately three to four years, worked as a salesman, and was a part owner for the last four or five years of his employment with Southern Flooring and Acoustical Co., Inc. ("Southern Flooring"). Plaintiff retired from his position with defendant-employer in 1983 and started his own company, Gainey Acoustical.

As owner of Gainey Acoustical, plaintiff's primary duty was soliciting contractors in order to procure orders for his company. He retired from Gainey Acoustical in November 1995, because he "just got tired and didn't want to work." He was having breathing problems at the time of his retirement, although he admitted that no doctor ever advised him to stop working. Plaintiff alone made the decision to retire because it was what he wanted to do. In addition, plaintiff's interrogatory answers state that his "retirement was in no way related to any medical problem. Plaintiff was age 60 in 1995 and decided it was time to retire." Plaintiff testified that at the time of the 30 November 2000 hearing he was having difficulty breathing, and that he "gave out" when climbing steps or walking. He also testified

that he continued to play golf, could walk a mile on level ground and had been walking for exercise for approximately ten years. Plaintiff testified that he was first diagnosed with asbestosis "five or six years" before the 30 November 2000 hearing.

Additional record evidence was offered by physicians who treated plaintiff. Dr. Robert A. Rostand was the panel physician appointed by the North Carolina Industrial Commission to examine plaintiff. Dr. Rostand testified that plaintiff had asbestosis. A letter written by Dr. Rostand on 3 December 1999 stated that plaintiff had "classic asbestos related disease," proximately caused by "occupational exposure to asbestos while employed by Southern Flooring and Acoustical," and that plaintiff was "not anticipated [to] return to gainful employment." However, the letter stated that Dr. Rostand was "unable to date the onset of [plaintiff's] pulmonary problem."

Furthermore, the record includes deposition testimony from Drs. Frederick U. Vorwald and Sever Surdulescu. Dr. Vorwald testified that plaintiff had asbestosis, and that plaintiff was "physically disabled from gainful employment." Dr. Surdulescu testified that "it would be very difficult, if not impossible [for plaintiff] to do any job that require[d] any amount of physical activity" and that he recommended plaintiff use oxygen whenever he walked. Plaintiff died on 9 May 2005.

## II. Procedural History

On 8 April 1999, plaintiff filed Form 18B with the Industrial Commission, seeking benefits for an occupational disease resulting from exposure to asbestos during his employment with defendant Southern Flooring, where he was employed from 1969 to April, 1983. Defendants denied that plaintiff was entitled to benefits, contending that he did "not have a compensable occupational disease, and that he was not last injuriously exposed to the hazards of any such disease while employed by defendant-employer." The claim was initially heard before Deputy Commissioner W. Bain Jones on 30 November 2000. By an Opinion and Award filed on 30 March 2001 ("2001 Opinion and Award"), the deputy commissioner concluded that "plaintiff [had] failed to prove by the greater weight of the evidence that he [had] contracted asbestosis as a result of his employment with defendant-employer," and his claim was therefore denied.

Plaintiff appealed the 2001 Opinion and Award to the Full Commission. The Full Commission reviewed plaintiff's claim on 12 March 2003. On 2 September 2003, the Commission reversed the 2001

Opinion and Award and entered an Opinion and Award ("2003 Opinion and Award") which concluded that "plaintiff was last injuriously exposed to asbestos during his employment with Southern Flooring and that plaintiff had contracted asbestosis as a result of that exposure." The Commission concluded that plaintiff was entitled to medical compensation as a result of his asbestosis and remanded the matter to a deputy commissioner for immediate hearing and Opinion and Award regarding the disability of plaintiff as a result of his asbestosis.

On 22 September 2004, plaintiff's claim as to disability was heard by Deputy Commissioner George T. Glenn, II, upon remand by the Full Commission. At the 2004 hearing no additional lay testimony was offered, and the only new evidence presented was the deposition testimony of plaintiff's treating physicians, Dr. Sever Surdulescu and Dr. Frederick Vorwald. After the hearing, Deputy Commissioner Glenn entered an Opinion and Award on 16 June 2005 ("2005 Opinion and Award") which concluded that plaintiff had been totally disabled since January 1995 and that he was entitled to compensation from that date forward at the rate of $481.24 per week. On 28 June 2005, defendants filed notice of appeal to the Full Commission from the 2005 Opinion and Award.

The Full Commission reviewed plaintiff's claim on 8 November 2005. In its Opinion and Award filed 2 March 2006 ("2006 Opinion and Award"), the Commission found that (1) plaintiff had received medical treatment for asbestosis-related problems; (2) plaintiff suffered from breathing problems as a result of asbestosis; (3) plaintiff had suffered from asbestosis as a result of his employment with defendant-employer and the disease had rendered him unable to perform gainful employment since 3 December 1999; (4) plaintiff's breathing problems severely impaired his daily activities; (5) as a result of asbestosis, it was difficult, if not impossible, for plaintiff to do any job that required any amount of physical activity; and (6) plaintiff stopped working in 1995 as a result of his disease and plaintiff's asbestos-related condition continued to deteriorate until his death. The Commission concluded that as a result of his asbestosis, plaintiff was entitled to permanent and total disability compensation at the weekly rate of $481.24 from 3 December 1999, the date of the panel examination by Dr. Rostand, through the date of his death, 9 May 2005. Defendants were ordered to pay the compensation awarded to plaintiff's estate in a lump sum, along with attorney's fees in the amount of 25% of the compensation awarded. Defendants filed notice

ESTATE OF GAINEY v. SOUTHERN FLOORING & ACOUSTICAL CO.

[184 N.C. App. 497 (2007)]

of appeal to this Court from the 2006 Opinion and Award. On appeal, defendants assign error to two findings of fact in the 2006 Opinion and Award[1] and to the conclusion of law and the award of the 2006 Opinion and Award.

### III. Findings of Fact

Defendants assign error to the following findings of the Commission: (1) plaintiff had suffered from asbestosis as a result of his employment with defendant-employer and the disease had rendered him unable to perform gainful employment since 3 December 1999; and (2) plaintiff stopped working in 1995 as a result of his disease and plaintiff's asbestos-related condition continued to deteriorate until his death. We determine that the first contested finding of fact is supported by competent evidence, and is therefore binding on appeal, but the second contested finding is not supported by competent evidence, and therefore not binding on appeal.

Except for jurisdictional questions, failure to assign error to the Commission's findings of fact renders them binding on appellate review. *Cornell v. Western & S. Life Ins. Co.*, 162 N.C. App. 106, 110-11, 590 S.E.2d 294, 297 (2004). Likewise, the Commission's findings of fact are binding on appeal if they are supported by competent evidence, even if there is evidence to support a contrary finding. *Morrison v. Burlington Industries,* 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981). Put another way, the Commission's findings of fact may be set aside on appeal only "when there is a complete lack of competent evidence to support them." *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538 S.E.2d 912, 914 (2000) (citation omitted). Further, on appeal of an award of the Industrial Commission, "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Adams v. AVX Corp.*, 349 N.C. 679, 681, 509 S.E.2d 411, 414 (1998).

[1] Defendants are correct that the evidence does not support a finding that plaintiff stopped working in 1995 because of his medical condition, or that plaintiff's condition continued to worsen until his death. There is evidence of plaintiff's declining health leading up to

1. Defendant assigns error to a finding of fact in the 2003 Opinion and Award. Though we could exercise our discretion to review that intermediate decision because it is on the merits and necessarily affects the judgment, N.C. Gen. Stat. § 1-278 (2005), we decline to do so because the 2006 Opinion and Award contained an almost identical finding which was also assigned as error.

ESTATE OF GAINEY v. SOUTHERN FLOORING & ACOUSTICAL CO.

[184 N.C. App. 497 (2007)]

1995, but neither plaintiff's testimony nor his answers to interrogatories support a finding that he stopped working for this reason. In fact, in answer to an interrogatory regarding this issue, plaintiff stated unequivocally that his "retirement was in no way related to any medical problem. Plaintiff was age 60 in 1995 and decided it was time to retire." Further, there was no evidence before the Commission as to plaintiff's condition after Dr. Surdulescu's last note in evidence dated 12 October 2004 until plaintiff's death on 9 May 2005.

[2] However, there is competent evidence to support the other challenged finding of fact. The purpose of Dr. Rostand's examination of plaintiff was to determine if he suffered from asbestosis and to determine the extent of his disease. Defendants quibble in their brief over the wording of portions of Dr. Rostand's report, but considering his report and testimony in its entirety, Dr. Rostand's evidence does support the Commission's finding of fact that plaintiff suffered from asbestosis as a result of his employment with defendant-employer. The possibility that some of Dr. Rostand's statements could support a contrary finding is of no moment, because the Commission's findings based on its evaluation of Dr. Rostand's testimony and report are entitled to deference in our review of the findings of fact.

In addition, Dr. Vorwald began treating plaintiff in 1996, prior to Dr. Rostand's panel examination of plaintiff, and the history of plaintiff's actual treatment with Dr. Vorwald also supports the findings of Dr. Rostand's examination. Likewise, although plaintiff did not begin his treatment with Dr. Surdulescu until 2003, the history of this treatment also supports Dr. Rostand's 1999 findings, since plaintiff's medical course did in fact continue after 1999 as Dr. Rostand had predicted that it would based on his diagnosis. For example, Dr. Rostand concluded in 1999 that plaintiff would in the future "require continued medical surveillance for his asbestos related pulmonary condition," a conclusion affirmed by the testimony and medical records of Drs. Vorwald and Surdulescu, which both demonstrate that plaintiff's condition continued to worsen from 1999 until the date of their last documented contact with him, 12 October 2004. Defendant presented no evidence at all to contradict any of plaintiff's evidence on any issue, including Dr. Rostand's opinion as to plaintiff's disability.

The foregoing is competent evidence to support the Commission's finding that plaintiff had suffered from asbestosis as a result of his employment with defendant-employer and the disease had rendered him unable to perform gainful employment since 3 December

1999. Additionally, the Commission's other findings are binding on this Court, because they are not jurisdictional and defendant did not assign error to them.

## IV. Conclusion of Law

[3] The Commission found as fact that plaintiff was "permanently and totally disabled." However, "whether an employee is disabled [for purposes of workers' compensation] is a question of law." *Heffner v. Cone Mills Corp.*, 83 N.C. App. 84, 87, 349 S.E.2d 70, 73 (1986). The Commission's legal conclusions are reviewable by the appellate courts *de novo. Grantham v. R. G. Barry Corp.*, 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997), *disc. review denied*, 347 N.C. 671, 500 S.E.2d 86 (1998). But, "where there are sufficient findings of fact based on competent evidence to support the [tribunal's] conclusions of law, the [decision] will not be disturbed because of other erroneous findings which do not affect the conclusions." *Black Horse Run Ppty. Owners Assoc. v. Kaleel*, 88 N.C. App. 83, 86, 362 S.E.2d 619, 622 (1987), *cert. denied*, 321 N.C. 742, 366 S.E.2d 856 (1988).

In order to support a conclusion that a claimant is totally and permanently disabled by exposure to asbestos, and entitled to benefits under N.C. Gen. Stat. § 97-29 (2005),[2] the Commission must find that the claimant is totally unable, *Frazier v. McDonald's*, 149 N.C. App. 745, 752, 562 S.E.2d 295, 300 (2002), *cert. denied*, 356 N.C. 670, 577 S.E.2d 117 (2003), "as a result of the injury arising out of and in the course of his employment," 149 N.C. App. at 752, 562 S.E.2d at 300 (citation omitted), "to earn, in the same or any other employment, the wages which the employee was receiving at the time of his last injurious exposure to asbestosis or silicosis," N.C. Gen. Stat. § 97-54 (2005).

The Commission's findings that (1) plaintiff had received medical treatment for asbestosis-related problems; (2) plaintiff suffered from breathing problems as a result of asbestosis; (3) plaintiff had suffered from asbestosis as a result of his employment with defendant-employer and the disease had rendered him unable to perform gainful employment since 3 December 1999; (4) plaintiff's breathing problems severely impaired his daily activities; and (5) as a result of asbestosis, it was difficult, if not impossible, for plaintiff to do any job that required any amount of physical activity were sufficient to support the Commission's conclusion that plaintiff was totally and permanently disabled, and entitled to benefits under N.C.

2. N.C. Gen. Stat. § 97-29 fixes compensation rates for total incapacity.

Gen. Stat. § 97-29 starting 3 December 1999. The findings that plaintiff stopped working in 1995 as a result of his disease, and that plaintiff's asbestos-related condition continued to deteriorate until his death, though erroneous, did not affect the Commission's conclusions of law, and are therefore not reversible error. Accordingly, we affirm the 2 March 2006 Opinion and Award of the Industrial Commission.

Affirmed.

Chief Judge MARTIN and Judge HUNTER concur.