681 S.E.2d 498 (2009)
BARLOWORLD FLEET LEASING, LLC, Plaintiff,
v.
PALMETTO FOREST PRODUCTS, INC. and Christopher B. Riley, Defendants.
No. COA08-1391.
Court of Appeals of North Carolina.
August 18, 2009.
*500 Reginald L. Yates, Charlotte, for plaintiff-appellee.
Law Offices of Dale S. Morrison, by Dale S. Morrison, Charlotte, for defendants-appellants.
STROUD, Judge.
This case presents the sole question of whether the exercise of personal jurisdiction over defendants by the courts of the State of North Carolina comports with due process. Because we conclude that it does, we affirm.

I. Background
On 6 February 2003, plaintiff executed an equipment lease with defendant Palmetto Forest Products, Inc. ("Palmetto"). Plaintiff's address appears on the front of the lease document as 11301-C Granite Street, Charlotte, North Carolina. Palmetto's address is 667 Whitesville Road, Moncks Corner, South Carolina. Defendant Christopher Riley ("Riley"), signed the lease on behalf of Palmetto as president of the corporation. The lease provided that "THIS AGREEMENT SHALL BE GOVERNED BY AND SUBJECT TO THE INTERNAL LAWS OF THE STATE OF NORTH CAROLINA, NOTWITHSTANDING CHOICE OF LAW RULES." On 30 April 2004, the parties entered into a second equipment lease containing an identical choice of law provision. All payments pursuant to the lease were made to plaintiff's agent Barloworld Handling LP, also located in Charlotte, North Carolina.
On or about 8 April 2008, plaintiff filed a complaint in Superior Court, Mecklenburg County, alleging defendants had failed to pay sums due under the lease agreements. On or about 24 April 2008, defendants moved to dismiss the complaint for want of personal and subject matter jurisdiction. The motion alleged that defendants had never "done business in North Carolina[,]" and that "[a]ll events, transactions, negotiations, circumstances and performance of the two (2) lease contracts ... occurred in or near Charleston, South Carolina."
The trial court heard the motion to dismiss on 3 June 2008. The trial court found that (1) the lease agreements contained North Carolina choice of law provisions, (2) "[t]he two lease agreements were consummated by Daniel Vincini's [sic] signature in Charlotte, North Carolina[,] and [(3)] the contracts between the parties were made in North Carolina and were to be performed in North Carolina." Accordingly, the trial court denied defendants' motion. Defendants appeal.

II. Standard of Review
On review of the denial of a motion to dismiss for want of personal jurisdiction, this Court first considers "whether the trial court's findings of fact are supported by competent record evidence." Deer Corp. v. Carter, 177 N.C.App. 314, 324, 629 S.E.2d 159, 167 (2006). If "the trial court's findings of fact are supported by competent evidence, we must conduct a de novo review of the trial court's conclusions of law and determine whether, given the facts found by the trial court," id. at 326, 629 S.E.2d at 168, "North Carolina statutes permit our courts to entertain this action against defendants, and, if so, whether this exercise of jurisdiction violates due process[,]" Saxon v. Smith, 125 N.C.App. 163, 168, 479 S.E.2d 788, 791 (1997) (citation, brackets and quotation marks omitted).

*501 III. Findings of Fact
Defendants contend that there is insufficient evidence to support any findings that the contracts entered into by plaintiff and defendants have a connection with the State of North Carolina.
Defendants specifically argue that any of the trial court's findings based on an affidavit submitted by Daniel Vicini ("the Vicini affidavit") were erroneous because the Vicini affidavit was not competent evidence. They argue that the trial court should have stricken the Vicini affidavit because it is "based on hearsay" and "does not ... set forth any facts that might have been known to Vicini as the result of his own personal knowledge."
Affidavits which support a motion to dismiss for want of personal jurisdiction "`shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein[.]'" Hankins v. Somers, 39 N.C.App. 617, 620, 251 S.E.2d 640, 642 (quoting N.C.R.App. P. 56(e), and applying the competence standard for affidavits pursuant to a summary judgment motion to a motion to dismiss for want of personal jurisdiction), disc. review denied, 297 N.C. 300, 254 S.E.2d 920 (1979). The Vicini affidavit states on its face that the affiant "has personal knowledge" of "the matters and things that transpired with regard to the two lease agreements involved in this lawsuit[.]" Furthermore, Vicini's signature appears on both of the lease contracts. Accordingly, we conclude that Vicini's affidavit, based on his personal knowledge, was competent evidence on which the trial court could base its findings.
The Vicini affidavit states that "the defendants executed the lease[s] and forwarded [them] to the plaintiff in North Carolina for acceptance. [I, Daniel Vicini] accepted the lease[s] ... which formed the contract[s] between the plaintiff and defendants." The record further contains copies of the lease agreements, in which plaintiff's physical address is clearly stated as Charlotte, North Carolina. Payments pursuant to the contracts were collected by plaintiff's agent in Charlotte, North Carolina. Taken together, this competent evidence supports the trial court's finding that the contracts between the parties were made in North Carolina and were to be performed in North Carolina. This argument is overruled.

IV. Due Process
Defendants argue that even if all the trial court's findings are based on competent evidence, exercise of personal jurisdiction in the courts of North Carolina offends due process because defendants are South Carolina residents who never solicited business in North Carolina. The United States Supreme Court addressed a similar argument in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), and determined that Florida's exercise of personal jurisdiction over a Michigan resident "did not offend due process[,]" id. at 487, 105 S.Ct. at 2190, 85 L.Ed.2d at 550, even though (1) the defendant had never even visited the state of Florida, and (2) the only contact defendant had with the plaintiff during contract negotiations was with representatives of the plaintiff's Michigan office, id. at 488, 105 S.Ct. at 2190-91, 85 L.Ed.2d at 551 (Stevens, J., dissenting) (citing the findings of the lower court). For the reasons that follow, we conclude that Burger King controls and that the trial court's exercise of personal jurisdiction sub judice did not offend due process.

A. Minimum Contacts
Defendants contend that they did not establish "minimum contacts" in North Carolina. The first step in the due process inquiry for personal jurisdiction is "whether the defendant purposefully established `minimum contacts' in the forum State." Burger King, 471 U.S. at 474, 105 S.Ct. at 2183, 85 L.Ed.2d at 542. Burger King stated that
[t]he application of [the minimum contacts] rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
Id. at 474-75, 105 S.Ct. at 2183-84, 85 L.Ed.2d at 542 (quoting Hanson v. Denckla, *502 357 U.S. 235, 253[, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283, 1298] (1958)).
In applying the minimum contacts rule, Burger King held that "where the defendant deliberately has ... created continuing obligations between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there[.]" Burger King, 471 U.S. at 475-76, 105 S.Ct. at 2183-84, 85 L.Ed.2d at 543 (internal citation and quotation marks omitted; emphasis added). A contract standing alone does not "automatically establish sufficient minimum contacts." Burger King, 471 U.S. at 478, 105 S.Ct. at 2185, 85 L.Ed.2d at 545. However, where "[t]he contract was delivered in [the forum state], the [payments] were mailed from [the forum state] and the [plaintiff] was a resident of [the forum state] when [his benefits vested,]" the contractual relationship is sufficient to establish minimum contacts. McGee v. International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226 (1957). Furthermore, in a close case, a contract choice of law provision designating the law of the forum State as governing the agreement weighs in favor of finding that a defendant has purposefully established minimum contacts within the forum State. Burger King, 471 U.S. at 482, 105 S.Ct. at 2187, 85 L.Ed.2d at 547.
In Burger King, one basis for the Court's finding that sufficient minimum contacts existed was that the contract contained a Florida choice of law provision. Id. at 482, 105 S.Ct. at 2187, 85 L.Ed.2d at 547. Furthermore, the evidence showed that
[t]he contract documents themselves emphasize[d] that [plaintiff's] operations [would be] conducted and supervised from the [Florida] headquarters, that all relevant notices and payments must be sent there, and that the agreements were made in and enforced from [Florida]. Moreover, the parties' actual course of dealing repeatedly confirmed that decisionmaking authority was vested in the [Florida] headquarters....
471 U.S. at 480-81, 105 S.Ct. at 2186-87, 85 L.Ed.2d at 546 (internal citation omitted).
In the case sub judice, the trial court found that the lease contracts between the parties were made in North Carolina and were to be performed in North Carolina. The contracts and attendant regular payments represented "continuing obligations" between defendants and a resident of North Carolina, which means that defendants "availed [themselves] of the privilege of conducting business" in North Carolina. Burger King, 471 U.S. at 476, 105 S.Ct. at 2184, 85 L.Ed.2d at 543; see also McGee, 355 U.S. at 223, 78 S.Ct. at 201, 2 L.Ed.2d at 226. In addition, an undisputed finding of fact states that the lease contracts included a North Carolina choice of law provision. These findings of the trial court were sufficient to support the trial court's implicit conclusion that defendants had "purposefully established minimum contacts within" North Carolina. Burger King, 471 U.S. at 476, 105 S.Ct. at 2184, 85 L.Ed.2d at 543.

B. Fair Play and Substantial Justice
Defendants also contend that the exercise of personal jurisdiction offends due process because the trial court's conclusion[1] that "[d]efendants have failed to present compelling evidence that the presence of other considerations ... would render jurisdiction of this matter in North Carolina unreasonable[,]" incorrectly placed the burden of proof on them rather than plaintiff. Defendants further argue that "there is no unfairness or inconvenience to [plaintiff] if it is required to proceed in the State of South Carolina, rather than North, [sic] Carolina."
"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." Burger King, 471 U.S. at 476, 105 S.Ct. at 2184, 85 L.Ed.2d at 543 (citation and quotation marks omitted). The "fair play" factors listed in Burger *503 King, including "the forum State's interest in adjudicating the dispute [and] the plaintiff's interest in obtaining convenient and effective relief.... sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." Id. at 477, 105 S.Ct. at 2184-85, 85 L.Ed.2d at 543-44 (citation and quotation marks omitted; emphasis added). Furthermore, "[a]lthough the Court has suggested that inconvenience [to the defendant] may at some point become so substantial as to achieve constitutional magnitude," id. at 484, 105 S.Ct. at 2188, 85 L.Ed.2d at 548 (citing McGee, 355 U.S. at 223, 78 S.Ct. at 201, [2 L.Ed.2d at 226], emphasis in original), "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable[,]" id. at 477, 105 S.Ct. at 2184-85, 85 L.Ed.2d at 544 (emphasis added).
In Burger King the defendant, who had established minimum contacts in Florida, "failed to demonstrate how jurisdiction in that forum would otherwise be fundamentally unfair," 471 U.S. at 487, 105 S.Ct. at 2190, 85 L.Ed.2d at 550, even though prosecution of the suit in Florida arguably impeded the defendant's ability to obtain witnesses in his favor, 471 U.S. at 490, 105 S.Ct. at 2191, 85 L.Ed.2d at 552 (Stevens, J., dissenting) (citing the findings of the lower court). But see 471 U.S. at 483, 105 S.Ct. at 2187-88, 85 L.Ed.2d at 548 ("[T]he Court of Appeals' assertion that the Florida litigation severely impaired [defendant's] ability to call Michigan witnesses who might be essential to his defense and counterclaim is wholly without support in the record." (Citation, quotation marks and footnote omitted.)) Accordingly, Burger King held that the forum State, Florida, had personal jurisdiction over the Michigan resident defendant. 471 U.S. at 487, 105 S.Ct. at 2190, 85 L.Ed.2d at 552.
In the case sub judice, we have already concluded that defendants purposefully directed activities at the State of North Carolina. See supra Part IV.A. Therefore, despite their contention that the trial court improperly assigned the burden of proof to them, defendants did indeed need to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King at 477, 105 S.Ct. at 2184-85, 85 L.Ed.2d at 544.
Defendants contend that jurisdiction is unreasonable because the trial court failed to give proper consideration to evidence that defendants are residents of South Carolina who "did not initiate any contact with North Carolina, and, in fact, had no knowledge of the involvement of any resident or citizen of this State." However, this is merely an argument that defendants did not have minimum contacts in North Carolina; it does not present a compelling case for why, given the presence of minimum contacts, exercise of personal jurisdiction over defendants offends "fair play and substantial justice." Burger King, 471 U.S. at 476, 105 S.Ct. at 2184, 85 L.Ed.2d at 543 (citations and quotation marks omitted).
Defendants also argue that "there is no unfairness or inconvenience to [plaintiff] if it is required to proceed in the State of South Carolina, rather than North, [sic] Carolina." While "the plaintiff's interest in obtaining convenient and effective relief.... sometimes serve[s] to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." id. at 477, 105 S.Ct. at 2184-85, 85 L.Ed.2d at 543-44 (citation and quotation marks omitted; emphasis added), defendants cite no case, and we find none, for the proposition that a convenient location for the plaintiff other than the forum State shows that the exercise of jurisdiction over the defendant offends fair play and substantial justice. In fact, the plaintiff in Burger King made a similar argument, "contend[ing] that Florida's interest in providing a convenient forum is negligible given the company's size and ability to conduct litigation anywhere in the country." Id. at 483, 105 S.Ct. at 2188 n. 25, 85 L.Ed.2d at 547 n. 25. That argument was summarily dismissed in a footnote. Id.
We conclude that the trial court did not err when it concluded "[d]efendants have failed to present compelling evidence that the presence of other considerations ... *504 would render jurisdiction of this matter in North Carolina unreasonable." Accordingly, this argument is overruled.

V. Subject Matter Jurisdiction
Defendants assign as error the trial court's exercise of subject matter jurisdiction over this case. However, defendants cite no authority in support of this assignment of error in their brief. Accordingly, this assignment of error is deemed abandoned. N.C.R.App. P. 28(b)(6) ("Assignments of error ... in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

VI. Conclusion
The trial court found that the lease contracts sub judice were made in North Carolina, were to be performed in North Carolina, and the parties agreed that North Carolina law would apply. These findings of minimum contacts were sufficient, when defendant presented no compelling reason why the trial court should not exercise personal jurisdiction, to support the trial court's conclusion that North Carolina's exercise of personal jurisdiction over defendants comports with due process. Accordingly, the order of the trial court is affirmed.
AFFIRMED.
Judges ELMORE and ERVIN concur.
NOTES
[1] This legal conclusion is incorrectly labeled as a finding of fact. See Estate of Gainey v. Southern Flooring & Acoustical Co., 184 N.C.App. 497, 503, 646 S.E.2d 604, 608 (2007) (a legal conclusion mislabeled as a finding of fact is reviewed according to its substance not its label).