TINA MARIE HUDSON (LAIL), Plaintiff,
v.
RONNIE JOE LAIL, Defendant; And
CLAUDINE ANNETTE HUDSON, Plaintiff,
v.
TINA MARIE HUDSON LAIL and RONNIE JOE LAIL, Defendants.
No. COA08-1126.
Court of Appeals of North Carolina.
Filed January 19, 2010.
This case not for publication
No brief filed for Tina Marie Hudson Lail, mother.
No brief filed for Ronnie Joe Lail, father.
Donald H. Barton, P.C., by Donald H. Barton, for intervenor-plaintiff-appellant.
JACKSON, Judge.
Claudine Annette Hudson ("intervenor") appeals from an order from the trial court entered 5 May 2008 granting her primary physical and legal custody of her three minor grandchildren, G.M.H., L.W.H., and M.S.H. (collectively, "the children") and also granting secondary custody to Tina Marie Hudson (Lail) ("Ms. Lail") and visitation to Ronnie Joe Lail ("Mr. Lail") (collectively, "defendants"). For the reasons set forth below, we affirm.
Intervenor is the maternal grandmother of the children. Ms. Lail is the mother of the children, and Mr. Lail is the father of G.M.H. and L.W.H. Joshua Lee Hipp[1] is the putative father of M.S.H.
On 25 January 2006, intervenor filed a complaint seeking custody of and support for the children, and on 27 February 2006, she filed a motion in the cause to intervene and complaint still seeking child custody and support.
Intervenor alleged that defendants were not fit and proper parents to have the sole care, custody, and control of the children because (1) Mr. Lail previously had his parental rights terminated with respect to at least one of his several children born out of wedlock; (2) Ms. Lail had left the children in intervenor's care since they were born; (3) Mr. Lail had failed to provide any form of support for the children; (4) Mr. Lail presented a substantial risk of sexual abuse to one or more of the children; (5) defendants failed to properly feed, clothe, or care for the children; (6) intervenor had been responsible for the payment of all medical, dental, and pharmaceutical care for the children as well as the children's clothing, school supplies, and transportation; (7) defendants had engaged and continued to engage in conduct inconsistent with the presumption that they would act in the best interests of the children; and (8) intervenor had a substantial relationship with the children in the nature of a parent/child relationship.
On 15 August 2006, defendants replied to intervenor's motion in the cause and complaint denying, in material part, her allegations and alleging that the children had resided with intervenor without defendants' consent. On or about 25 September 2006, the trial court granted intervenor's motion to intervene. On 2 March 2007, she filed an amended complaint and motion in the cause to intervene.
The matter came on for hearing on 14 February 2008, 3 March 2008, 7 March 2008, and 18 April 2008. By its judgment and order entered 5 May 2008, the court specifically noted that
while all actions have at least the potential for significant animosity to exist between the parties, this court has never, thankfully, been subjected to the level of animosity and/or hatred as there appears to be between the various parties and witnesses involved in these actions. The Court has, based upon the level of discord between the parties, struggled to determine whether any of the parties are fit persons to have contact with the minor children unless the parties are able to overcome their distaste for one another if that is what is required to meet the best interest of the children. The Court also notes that this Court has never experienced so much difficulty as in this action in determining what testimony offered by various witnesses was truthful, or at least believed to be truthful by the witness, and what testimony was offered for the mere purpose of attempting to mislead the Court.
After entering findings of fact and conclusions of law, the court ordered that (1) intervenor was to have primary physical and legal custody of the children; (2) Ms. Lail was to have secondary custody of the children; and (3) Mr. Lail was to have visitation with the children when Ms. Lail has custody of them, but he is not permitted to have exclusive custody for a period of time specified by the court's order. The court further specified that intervenor's custody of the children was subject to the visitation schedule set forth by the court. From the court's order, intervenor appeals.
On appeal, intervenor sets forth sixteen assignments of error in a thirty-four page brief. Her central complaint appears to be that, notwithstanding being awarded primary legal and physical custody of the minor children, pursuant to her motion to intervene and complaint, the children's mother, Ms. Lail has been awarded secondary custody, and their father, Mr. Lail, has been awarded visitation. In violation of our Rules of Appellate Procedure, intervenor's brief is not double-spaced, but is one and one-half spaced, with double spaces between the paragraphs. As the brief is thirty-four pages long with this spacing violation, it substantially exceeds the Court's thirty-five page limit on appellate briefs set forth in Rule 28(j). Because of the violation of Rule 28(j), in our discretion and pursuant to Rule 35 of the Appellate Rules, we assess the costs of printing intervenor's brief against Donald H. Barton, personally, attorney for intervenor. See Huberth v. Holly, 120 N.C. App. 348, 356, 462 S.E.2d 239, 244 (1995).
Intervenor makes no argument regarding her fourth, fifth, nineteenth, and twentieth assignments of error on appeal. Therefore, they are deemed abandoned. See City of Asheville v. State, 192 N.C. App. 1, 45, 665 S.E.2d 103, 134 (2008) (explaining that "'[q]uestions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned'"). Furthermore, intervenor cites no authority in support of her first and second assignments of error, neither of which have any bearing upon the trial court's decision to award secondary custody to the children's mother and visitation to their father. Accordingly, these assignments of error are abandoned. See Barloworld Fleet Leasing, LLC v. Palmetto Forest Products, Inc., ___ N.C. App. ___, ___, 681 S.E.2d 498, 504 (2009). Similarly, intervenor cites no authority for her tenth, eleventh, thirteenth, fourteenth, fifteenth, and sixteenth assignments of error, and they are deemed abandoned. See id.; N.C. R. App. P. 28(b)(6) (2007).
Intervenor also fails to provide any relevant authority in support of her sixth, seventh, twelfth, and seventeenth assignments of error. With respect to her sixth assignment of error, intervenor first cites North Carolina General Statutes, section 50-1.2(a). Section 50-1.2 does not exist, and section 50-1 was repealed in 1971. See 1971 N.C. Sess. Laws 1185. With respect to her sixth, seventh, twelfth, and seventeenth assignments of error, intervenor also provides citation to Adams v. Tessener, 141 N.C. App. 64, 539 S.E.2d 324 (2000). However, intervenor fails to disclose the subsequent history of her citation. This Court's opinion in Adams was reversed by our Supreme Court. See Adams v. Tessener, 354 N.C. 57, 550 S.E.2d 499 (2001). Intervenor fails to provide any citation to or reasoning, argument, or analysis in support of how our Supreme Court's opinion in Adams relates to the case sub judice. Accordingly, without citation to or reasoning in support of any binding, relevant, or valid authority, we do not address these assignments of error. See N.C. R. App. P. 28(b)(6) (2007).
Notwithstanding intervenor's failure to preserve these assignments of error, we note that the trial court clearly has recognized that intervenor is the proper party to act as the individual with primary legal and physical custody. However, while noting both the failures and successes of the biological parents in its findings of fact, the trial court has provided an opportunity to them "to become reacquainted" with their children by establishing secondary custody for Ms. Lail and visitation for Mr. Lail. This scheme comports with our State's well-established doctrine that the child's best interest is the polar star in child custody proceedings. See In re T.H.T., 362 N.C. 446, 450, 665 S.E.2d 54, 57 (2008).
In her third assignment of error, intervenor asserts that the trial court erred by finding as a fact that she had attempted to exercise undue pressure and influence over Ms. Lail and unnamed others in an effort to control Ms. Lail's relationships. Although the assignment of error references intervenor's substantive disagreement with the trial court's findings of fact, she neglects to cite specifically in her assignment to any findings of fact. Rather, in the body of her brief, she discusses findings of fact numbered 12 and 15. Generally, intervenor's argument is that the trial court has engaged in an impermissible collateral attack on a Domestic Violence Order entered on 20 April 1998 against Mr. Lail based upon an action filed by Ms. Lail. We see no merit in intervenor's contention. Here, the trial court merely noted its observation, with the passage of ten years, that intervenor "did manipulate Tina Lail in the prosecution of the actions in 1998," however that "[r]egardless of whatever manipulation may have occurred, especially as to the 50B, the Court considers the findings of the Court in the 1998 50B action to be factual for purposes of this hearing." Therefore, intervenor's contention is without merit.
Moreover, intervenor also contends that the trial court's determination in finding of fact number 15 that there was no credible evidence that Mr. Lail had at any point molested or otherwise had any inappropriate contact with the minor child, G.M.H, in addition to several other allegations. However, we are unable to discern any such assertion within this finding of fact, therefore, we deem this portion of intervenor's argument abandoned.
In her eighth assignment of error, intervenor asserts that the trial court erred in finding as fact in finding of fact number 17 that neither Ms. Lail nor Mr. Lail were unfit to have contact with the minor children. We disagree.
In finding of fact number 17, the trial court found that "[d]espite the apparent efforts of many or most of the witnesses who testified, the Court is not persuaded by any credible evidence in this case that any of the parties to this action is/are unfit to have contact with the minor children." Intervenor argues that the trial court was collaterally estopped from making this finding, at least with respect to G.M.H., based upon an order entered 26 October 1998 granting Ms. Lail custody of G.M.H. after concluding that Mr. Lail was not a fit and proper person to have either custody of or visitation with G.M.H. Notwithstanding intervenor's argument, in the order at issue in the case sub judice, the trial court noted that
[a]s the above case heading implies, these actions present an unusual procedural history. [Ms. Lail] was the original plaintiff and [Mr. Lail] was the original defendant in 98 CVD 292 regarding the custody of their minor child, G[.M.H.] [Intervenor] is the maternal grandmother of G[.M.H.] and was permitted to intervene in 98 CVD 292 and filed a motion seeking custody of G[.M.H.] based upon an allegation of changed circumstances.
[Intervenor] is also the maternal grandmother of [L.W.H. and M.S.H.] . . . [Intervenor] is the plaintiff and [Ms. Lail and Mr. Lail] are defendants in 06 CVD 43[,] which [intervenor] filed seeking custody of all three minor children. Defendants . . . filed a counterclaim in 06 CVD 43 seeking custody of the minor children.
In view of the procedural history of the case sub judice  which includes a motion to modify custody based upon changed circumstances and a complaint to determine the party or parties in which custody of the children might best be entrusted, and which results from the joining of two docket numbers  we disagree with intervenor's contention that the trial court was collaterally estopped from receiving and considering new evidence with respect to the parties' fitness for the care and custody of the children. Furthermore, as our Supreme Court noted in Adams,
in custody cases, the trial court sees the parties in person and listens to all the witnesses. This allows the trial court to detect tenors, tones and flavors that are lost in the bare printed record read months later by appellate judges. Accordingly, the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary.
Adams, 354 N.C. at 63, 550 S.E.2d at 503 (internal citations and quotation marks omitted). Accordingly, especially given the trial court's express notation of its difficulty "in determining what testimony was offered by various witnesses was truthful, or at least believed to be truthful by the witness, and what testimony was offered for the mere purpose of attempting to mislead the Court[,]" we defer to the trial court's determination of the witnesses' credibility, and in turn, each party's relative fitness to care for the children. Intervenor's assignment of error is without merit.
In intervenor's eighteenth assignment of error, she argues that the trial court erred in decreeing that the court's order would take effect and be effective when it was filed with the Transylvania County Clerk of Superior Court and that it would not be affected by the filing of an appeal by any party unless the effectiveness of the order was stayed by the North Carolina Court of Appeals or North Carolina Supreme Court. In essence, intervenor argues that the trial court's decree deprived the parties of the right to seek a stay from the trial court, and, instead, the parties would have had to file (1) an appeal, which would stay the order pursuant to North Carolina General Statutes, section 1-294, or (2) a petition for writ of supersedeas to stay the court's order. Notwithstanding, the only purported authority cited in support of her contention is North Carolina General Statutes, section 50-16.3, which was repealed in 1995 and which concerned alimony pendente lite. See 1995 N.C. Sess. Laws 319. Accordingly, we do not address intervenor's argument. N.C. R. App. P. 28(b)(6) (2007).
For the foregoing reasons, we affirm.
Affirmed.
Judges WYNN and HUNTER, Jr., Robert N. concur.
Report per Rule 30(e).
NOTES
[1] Hipp is not a party to this action.