LOUIS H. WATKINS, Employee, Plaintiff v. TROGDON MASONRY, INC., Employer, and STONEWOOD INSURANCE COMPANY, Carrier, Defendants

No. COA09-758

(Filed 6 April 2010)

**1. Workers' Compensation— evidence—best evidence rule**

The Industrial Commission did not err by allowing into evidence the transcript of plaintiff's recorded statement made to defendant's insurance adjuster instead of the original recording pursuant to N.C.G.S. § 8C-1, Rule 1003. The insurance adjustor fully authenticated the transcription of the statement and also testified to her own, independent recollection of the statement.

**2. Workers' Compensation— compensability—accident not arising out of employment**

The Industrial Commission did not err in finding and concluding that plaintiff employee's fall was noncompensable because the evidence supported the findings of fact and the findings supported the conclusion of law that plaintiff's injury was due solely to an "idiopathic condition" and did not arise out of his employment. Plaintiff's argument that the Commission erred in finding that plaintiff's fall was caused by his heart condition was misguided as the Commission did not make such a finding.

Appeal by Plaintiff from Opinion and Award entered 23 March 2009 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 November 2009.

*Hardison & Cochran, P.L.L.C., by J. Adam Bridwell, for Plaintiff-Appellant.*

*Brooks, Stevens & Pope, P.A., by Bambee B. Blake and Ginny P. Lanier, for Defendants-Appellees.*

WATKINS v. TROGDON MASONRY, INC.

[203 N.C. App. 289 (2010)]

BEASLEY, Judge.

Louis H. Watkins (Plaintiff) appeals from an Opinion and Award of the North Carolina Industrial Commission concluding that Plaintiff did not suffer a compensable injury by accident arising out of his employment, and denying Plaintiff's claim for workers' compensation benefits. For the following reasons, we affirm.

## Background

The factual and procedural history of this case is largely undisputed and may be summarized as follows: Plaintiff was born on 7 September 1932 and his employment history consisted primarily of truck driving. In 2007, Plaintiff was employed by Defendant Trogdon Masonry as a driver whose duties included transporting fuel and equipment to Defendant's job sites. On 8 May 2007, Edward Harold Trogdon (Mr. Trogdon), owner of Trogdon Masonry, Inc., called Plaintiff and told him to take Defendant's tractor trailer, loaded with scaffolding and a forklift, to "Ronnie's Country Store," to have the mechanics at Ronnie's repair a flat tire on Defendant's forklift. Plaintiff drove to Ronnie's in Defendant's truck, hauling the forklift. After examining the tire, an employee at Ronnie's told Plaintiff the forklift needed a new tire. However, Plaintiff did not have authorization to approve the additional expense of a new tire, and told the mechanic that he would need to get approval from Mr. Trogdon. Plaintiff tried several times to reach Mr. Trogdon on his cell phone but got no answer. While waiting to get in contact with Mr. Trogdon, Plaintiff sat down on a palette of feed bags. Eventually, a Ronnie's employee told Plaintiff that they "need[ed] to know" whether or not Trogdon would approve the replacement tire. Plaintiff testified that he got up from the palette, stretched, straightened up and turned left, then walked maybe a half dozen steps, before falling on his left hip. Plaintiff later told Defendant's insurance adjuster that "my left leg just gave away on me some how or another and I just hit, hit the floor." There were no witnesses to Plaintiff's fall.

After his fall, Plaintiff was taken to Johnston Memorial Hospital in Smithfield, North Carolina, where he was diagnosed with an acetabular fracture resulting from the fall. Medical tests also revealed that Plaintiff suffered from chronic blocked coronary arteries. Plaintiff was transferred from the hospital in Smithfield to Wake Medical Center in Raleigh, North Carolina, for treatment of his hip fracture and newly-discovered heart disease. Plaintiff's treating cardiologist offered expert medical testimony that Plaintiff did not

fall as a result of a heart attack as the condition of his coronary arteries was "not consistent" with a recent heart attack. Plaintiff remained in the hospital for several weeks and did not work after his fall on 8 May 2007.

On 20 July 2007, Plaintiff filed an Industrial Commission Form 18 Claim for Workers' Compensation benefits. Defendant Trogdon Masonry, Inc. and their insurance carrier, Defendant Stonewood Insurance Company, filed an Industrial Commission Form 61 denying Plaintiff's claim. On 30 July 2007, Plaintiff filed an Industrial Commission Form 33, requesting a hearing. In their Industrial Commission Form 33-R response to Plaintiff's request for a hearing, Defendants asserted that "plaintiff's injuries are the sole result of an idiopathic condition and are not related to his employment."

On 8 May 2008, a hearing was conducted before Deputy Commissioner Adrian Phillips. Plaintiff testified on his own behalf, and Defendants offered testimony from Mr. Trogdon and Defendant Trogdon Masonry's office manager, Debra Davison. The parties also deposed four of Plaintiff's treating physicians, as well as Marta Fitzpatrick, an insurance adjuster who conducted a tape-recorded telephone interview with Plaintiff. On 25 August 2008, Commissioner Phillips issued an Opinion and Award. The Commissioner found that Plaintiff had suffered a compensable injury by accident and awarded Plaintiff disability and medical workers' compensation benefits. Defendants appealed to the Full Commission, which issued an Opinion on 23 March 2009, reversing Deputy Commissioner Phillips. The Commission, in denying workers' compensation benefits to Plaintiff, concluded that Plaintiff's fall "was due to an idiopathic condition or physical infirmity which caused his leg to give way" and that Plaintiff's injuries "did not result from an accident arising out of his employment with defendant." Plaintiff appeals from the Commission's Opinion denying his claim for workers' compensation benefits.

## Standard of Review

" 'Our review of a decision of the Industrial Commission is limited to determining whether there is any competent evidence to support the findings of fact, and whether the findings of fact justify the conclusions of law.' " *Egen v. Excalibur Resort Prof'l*, 191 N.C. App. 724, 728, 663 S.E.2d 914, 918 (2008) (quoting *Ramsey v. Southern Indus. Constructors Inc.*, 178 N.C. App. 25, 29-30, 630 S.E.2d 681, 685 (2006)). On appeal, the Commission's findings of fact can be set aside "when there is a complete lack of competent evidence to support

them." *Estate of Gainey v. Southern Flooring & Acoustical Co.*, 184 N.C. App. 497, 501, 646 S.E.2d 604, 607 (2007) (internal quotation marks omitted). However, "[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Gore v. Myrtle/Mueller*, 362 N.C. 27, 40-41, 653 S.E.2d 400, 409 (2007) (internal quotation marks omitted). "The Commission's legal conclusions are reviewable by the appellate courts *de novo*." *Estate of Gainey*, 184 N.C. App. at 503, 646 S.E.2d at 608.

Defendants assert, and the Commission found, that Plaintiff's fall was not compensable because it was due solely to an "idiopathic condition." Plaintiff argues that the competent evidence in the record does not support the Full Commission's conclusion that Plaintiff's fall did not arise out of his employment, but was due to an idiopathic condition, and therefore not compensable. We disagree.

### Plaintiff's 3 July 2007 Statement

**[1]** Before addressing the main issue as to whether the Commission erred by finding and concluding that Plaintiff's fall did not arise out of his employment, we will address the evidentiary issue raised by Plaintiff regarding his recorded statement of 3 July 2007, as the relevant contested factual findings are based at least in part upon evidence from this statement. Plaintiff argues that the Commission erred by its admission and consideration of his recorded statement to Marta Fitzpatrick on 3 July 2007 because it was "not the best evidence documenting" this statement. In the statement, Ms. Fitzpatrick asked Plaintiff to describe how his injury occurred, and he answered, in part, as follows:

> I couldn't hear on the phone so I got up and made a little . . . left turn and when I did made a left turn I just ah I mean I knew what was going on the whole time my leg my left leg just gave away on me some how or another and I just hit, hit the floor. And they had to get me up.

Plaintiff argues that his 3 July 2007 statement was inadmissible under N.C. Gen. Stat. § 8C-1, Rules 1002, 1003 and 1004, because Defendant used a transcript of the recording and did not provide the original recording and under N.C. Gen. Stat. § 8C-1, Rule 403, arguing that the probative value of the statement was outweighed by the danger of unfair prejudice. We note that Plaintiff failed to assign as error finding of fact No. 9:

9. On 3 July 2007, the adjuster obtained plaintiff's recorded statement. Therein, plaintiff stated that he fell after his leg gave away. He also confirmed that he was just walking and his leg gave out.

However, Plaintiff did assign error to finding of fact No. 10, which provides that

10. Although plaintiff denied that his leg gave way at the hearing before the deputy commissioner, plaintiff consistently advised his employer and stated in his recorded statement that his left leg gave way, causing him to fall. After considering the testimony of plaintiff, Harold Trogdon, and Debbie Davison and the competent evidence of record, the Full Commission finds that the greater weight of the competent and credible evidence shows that plaintiff's fall is not unexplained and that it resulted from plaintiff's leg giving way due to an unknown physical infirmity.

Although Plaintiff's assignments of error are not entirely consistent, Plaintiff has argued based upon the assignment of error to finding No. 10 that the Commission erred by considering Plaintiff's statement, so we will address this issue despite his failure to assign as error finding No. 9.

Plaintiff argues that the transcript of his statement should not have been admitted under N.C. Gen. Stat. § 8C-1, Rule 1003 (2009), which provides that: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

Although Plaintiff argues that he objected to the admission of the statement during Ms. Fitzpatrick's deposition, the record reveals that Plaintiff did not object on the basis that the original recording was not made available to him, but made only a general objection. In addition, Ms. Fitzpatrick stated that she had the original recording of the statement with her at the deposition, but Plaintiff's counsel did not ask for it or admit it into evidence. *See Setzer v. Boise Cascade Corp.*, 123 N.C. App. 441, 445, 473 S.E.2d 431, 433 (1996) ("[A] party's failure to enter a timely and specific objection constitutes a waiver of his right to challenge the alleged error on appeal."); N.C.R. App. P. 10(b)(1).

Ms. Fitzpatrick fully authenticated the transcription of the statement and also testified to her own independent recollection of her conversation with Plaintiff, thus providing independent and unchal-

lenged evidence of the same statements by Plaintiff that his leg "gave way." Plaintiff's remaining arguments regarding the statement are directed to its weight and credibility, such as his argument that he was still on pain medication at the time of the statement. However, any questions of the weight to give to the evidence or the credibility of Plaintiff's statements on 3 July 2007 as opposed to his testimony at the hearing are solely for the Commission to determine. *Gore*, 362 N.C. at 40-41, 653 S.E.2d at 409. Plaintiff's arguments as to the admission or consideration of his 3 July 2007 statement are without merit.

## Arising Out of Employment

[2] Plaintiff argues that the Commission erred by finding that Plaintiff's fall was "due solely to an idiopathic condition" as this finding is "unsupported and contradicted by the testimony and evidentiary record[.]" Plaintiff's brief indicates that this argument is based upon all twelve of his assignments of error, which challenge Findings of Fact 6, 7, 8, 10, and 12, and conclusion of law No. 3. However, the single issue presented here is whether the Commission erred by finding that Plaintiff's fall was not the result of an accident arising out of his employment.

"To establish 'compensability' under the North Carolina Workers' Compensation Act . . . a 'claimant must prove three elements: (1) [t]hat the injury was caused by an accident; (2) that the injury arose out of the employment; and (3) that the injury was sustained in the course of employment.' " *Clark v. Wal-Mart*, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005) (quoting *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)). In this case, the parties disagree about whether Plaintiff's injury was caused by an "accident arising out of and in the course of the employment[.]" N.C. Gen. Stat. § 97-2(6) (2009).

> Whether an accident arises out of the employment is a mixed question of fact and law, and the finding of the Commission is conclusive if supported by any competent evidence; otherwise, not. The words "out of," refer to the origin or cause of the accident and the words "in the course of," to the time, place and circumstances under which it occurred. For an accident to arise out of the employment there must be some causal connection between the injury and the employment. When an injury cannot fairly be traced to the employment as a contributing proximate cause, or if it comes from a hazard to which the employee would have been equally exposed apart from the employment, or from

the hazard common to others, it does not arise out of the employment. In such a situation the fact that the injury occurred on the employer's premises is immaterial. A fall itself is usually regarded as an accident.

*Cole v. Guilford Co. & Hartford Acci. & Indem. Co.*, 259 N.C. 724, 726-27, 131 S.E.2d 308, 310-11 (1963) (citations omitted).

Here, there is no dispute that Plaintiff had an accident, the fall, which was in the course of his employment, as he was at work at the time of his fall. However, Plaintiff must also demonstrate that his fall arose out of his employment—that there was "some causal connection between the injury and the employment." *Id.*

Factually, Plaintiff argues that his fall was not caused by his heart condition and that the Commission erred by finding that his fall was "not unexplained and [that it was] due solely to an idiopathic condition." Plaintiff's argument seems to imply that the Commission found that the idiopathic condition which caused Plaintiff's fall was actually his heart condition. Plaintiff's argument suffers from two flaws. First, he confuses the meaning of the term "idiopathic," and second, the Commission did not find that his heart condition caused his fall.

The word "idiopathic" has two definitions: (1) "arising spontaneously or from an obscure or unknown cause[;]" (2) "peculiar to the individual[.]" Merriam-Webster's Collegiate Dictionary 616 (11th ed. 2003); *See Hodges v. Equity Grp.*, 164 N.C. App. 339, 343, 596 S.E.2d 31, 35 (2004) ("An idiopathic condition is one arising spontaneously from the mental or physical condition of the particular employee." (internal quotation marks omitted)). It is true that Plaintiff's heart condition is idiopathic in the sense of the second meaning stated; his heart condition is a condition that is peculiar to him. However, there is no dispute that Plaintiff's heart condition did not cause his fall. The Commission did not so find and Defendant does not argue that the heart condition caused the fall.

In support of his argument that the Commission tacitly found that his fall was caused by his heart condition, Plaintiff notes testimony from Ms. Fitzpatrick that while Plaintiff was still hospitalized shortly after his fall, she was informed by someone from Trogdon Masonry that his fall was due to his heart condition. There appears to be no dispute that while being treated after his fall, Plaintiff's heart condition was discovered, and he was actually treated for this condition. As noted above however, it was later determined that he did not suffer a heart attack and his fall was unrelated to his heart condition.

However, Plaintiff's argument implies that the Commission erroneously found that his fall was actually caused by his heart condition. Plaintiff argues that

> [t]he testimony in this matter clearly alludes to the fact the Defendants **assumed** the Plaintiff's **heart condition** caused him to faint and thus fall to the ground, which is clearly unsupported by the stipulated medical evidence. Therefore, the Full Commission of the Industrial Commission giving controlling weight to the testimony of the Defendants that the Plaintiff's leg gave way because of his heart condition or from fainting is clearly in error as it is unsupported by the medical testimony. As such, the Full Commission of the Industrial Commission erred in concluding the Plaintiff's fall was not compensable as the medical evidence and lay testimony do not support the inference that the fall was not unexplained and due solely to an idiopathic condition. (emphasis added).

However, the Commission did not find that Plaintiff's fall was caused by his heart condition; the Commission actually made the following findings of fact, which Plaintiff has not assigned as error:

> 9. On 3 July 2007, the adjuster obtained plaintiff's recorded statement. Therein, plaintiff stated that he fell after his leg gave away. He also confirmed that he was just walking and his leg gave out.
>
> . . . .
>
> 11. The evidence does not establish, due to his employment, that plaintiff was at an increased risk of harm from a fall. He was not in an elevated position or next to dangerous machinery which could create a greater risk of injury from a fall. Plaintiff did not step on a foreign object on the floor; the floor was not uneven, slippery, or wet; plaintiff did not hit anything and was not pushed; and he did not fall down steps or stairs. Nothing about plaintiff's employment subjected him to a peculiar hazard to which the public is not generally exposed. Dr. Alioto and Dr. Chiavetta testified that the fall could have happened anywhere.

The Commission's additional challenged findings of fact which are relevant to the issue of whether the accident arose out of Plaintiff's employment are:

> 7. Plaintiff's employer, Harold Trogdon, spoke with plaintiff on the phone shortly after his fall. During the conversation, plaintiff

**WATKINS v. TROGDON MASONRY, INC.**

[203 N.C. App. 289 (2010)]

stated that when he stood up from the feed bag his left leg 'gave way' and he fell. Mr. Trogdon subsequently visited plaintiff in the hospital, during which time plaintiff advised that he would not be filing a workers' compensation claim because his heart caused him to fall. Consequently, Mr. Trogdon did not immediately notify the workers' compensation insurance carrier of plaintiff's incident and plaintiff filed his medical bills with his private health insurance carrier.

8. Debbie Davison is the Office Manager for defendant. While Ms. Davison typically files a Form 19 within days of an accident at work, she did not file a Form 19 in this case until on or about 28 June 2007 because, prior to that time, plaintiff maintained that he was not going to file a workers' compensation claim. Ms. Davison testified that her understanding of the incident was that plaintiff's leg gave way, that plaintiff was being treated for his heart, and that plaintiff's heart was the reason he was unable to work.

. . . .

10. Although plaintiff denied that his leg gave way at the hearing before the deputy commissioner, plaintiff consistently advised his employer and stated in his recorded statement that his left leg gave way, causing him to fall. After considering the testimony of plaintiff, Harold Trogdon, and Debbie Davison and the competent evidence of record, the Full Commission finds that the greater weight of the competent and credible evidence shows that plaintiff's fall is not unexplained and that it resulted from plaintiff's leg giving way *due to an unknown physical infirmity.* (emphasis added).

The findings as to Plaintiff's heart condition were included to explain the reasons Plaintiff did not immediately file a workers' compensation claim and the employer did not file a Form 19 immediately after Plaintiff's fall. The findings of fact taken in their entirety, including findings which are unchallenged, demonstrate that the Commission was using the term "idiopathic" in its first sense: Plaintiff's fall was spontaneous and "due to an unknown physical infirmity." Although Plaintiff argues that the Commission erred in its finding that his fall "resulted from plaintiff's leg giving way due to an unknown physical infirmity," there is no evidence in the record which offers any explanation of a cause for the fall other than the fact that his leg "gave way" and he fell. There is no evidence as to the reason his leg

"gave way" and thus the conclusion of law No. 3 refers to his fall as "due to an idiopathic condition."

Plaintiff also argues that certain portions of the findings of fact 7, 8, and 10 were not supported by the evidence. However, Plaintiff's arguments focus on the credibility of the witnesses and the weight which the Commission should give to each witness's testimony; Plaintiff does not argue that the witnesses did not testify to the facts as stated in the challenged findings of fact. Upon review of the testimony of these witnesses, we find that they did clearly testify to the facts as found by the Commission. Actually, even Plaintiff's own testimony does not significantly contradict the testimony of Ms. Fitzpatrick, Mr. Trogdon, or Ms. Davison as to any of the relevant facts about his fall. As the "[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony[,]" *Gore*, 362 N.C. at 40-41, 653 S.E.2d at 409, Plaintiff's assignments of error regarding the findings of fact are overruled.

## Idiopathic Condition

Plaintiff assigned error to conclusion of law No. 3, which states:

3. As plaintiff's fall on 8 May 2007 was due to an idiopathic condition or physical infirmity which caused his leg to give way and as his employment did not create a hazard which increased his risk of injury from a fall on that occasion, plaintiff's injuries on 8 May 2007 did not result from an accident arising out of his employment with defendant . . . . Therefore, based upon the foregoing Conclusions of Law, plaintiff is not entitled to indemnity benefits under or medical compensation under the Workers' Compensation Act for his injuries on 8 May 2007.

Plaintiff claims that "the Full Commission's reliance upon defendants [sic] assertion that plaintiff's fall is due solely to an idiopathic condition is unsupported and contradicted by the testimony and evidentiary record, therefore making the Full Commission's conclusion based thereon untenable." Again, Plaintiff's argument focuses on the facts supporting this conclusion, which we have already found above to be supported by the record. Because the facts fully support the Commission's conclusion that "plaintiff's fall on 8 May 2007 was due to an idiopathic condition or physical infirmity which caused his leg to give way . . . plaintiff's injuries . . . did not result from an accident arising out of his employment with defendant," Plaintiff's assignment of error as to this conclusion of law is without merit.

Conclusion

As competent evidence in the record supports the Commission's findings of fact, and those findings of fact support the Commission's conclusions of law, *Egen*, 191 N.C. App. at 728, 663 S.E.2d at 918, we affirm the Commission's denial of Plaintiff's claim for workers' compensation benefits.

Affirmed.

Judges STEPHENS and STROUD concur.