PENNY M. RUMPLE RICHARDSON, Employee v. MAXIM HEALTHCARE/ALLEGIS GROUP, Employer, KEMPER INSURANCE COMPANY/AMERICAN PROTECTION INSURANCE c/o SPECIALTY RISK SERVICES, Carrier

No. 102A08

(Filed 12 December 2008)

## 1. Workers' Compensation— notice—actual knowledge negates written notice requirement

The Court of Appeals erred in a workers' compensation case by remanding to the Full Commission for additional findings of fact and conclusions of law concerning whether plaintiff satisfied the notice requirements of N.C.G.S. § 97-22 even though plaintiff did not give written notice of the accident to her employer until she filed Form 18 on 24 June 2002, well outside the thirty-day period specified in section 97-22, because: (1) as the Commission noted in findings four, twenty-seven and twenty-eight, plaintiff did notify her employer by telephone within thirty minutes after the collision, providing the employer actual knowledge of the accident, and the employer was also aware of plaintiff's injuries and medical treatments based on her regular communications between May 2001 and May 2002; (2) the plain language of N.C.G.S. § 97-22 requires an injured employee to give written notice of an accident "unless it can be shown that the employer, his agent or representative, had knowledge of the accident," thus negating the Commission's need to make any findings about prejudice, and an employee may be excused from even that requirement by providing a reasonable excuse for failing to give notice and by showing that the employer has not been prejudiced; (3) had it so desired, the employer could have acted to minimize the seriousness of plaintiff's injury by providing early medical care and to conduct the earliest possible investigation into the surrounding circumstances; and (4) the Commission's findings regarding sufficiency of notice were supported by competent evidence in the record that in turn supported its conclusions.

## 2. Workers' Compensation— replacement of breast implant— sufficiency of evidence

The Court of Appeals did not err in a workers' compensation case by concluding there was insufficient evidence of the need to replace plaintiff's left breast implant, and the case is remanded to the Full Commission to determine the appropriate amount of

compensation for replacement of the right implant alone, because: (1) there was no competent evidence to support the Commission's finding ten regarding accident-related damage to the left implant or about the need to replace both implants when only one was damaged simply based on the assertion that the replacements would have to be symmetrical and evenly matched; (2) a testifying doctor was unable to testify to a reasonable degree of medical probability that any damage to the left implant was related to the accident, he specifically stated that he could not do so, and he expressed no opinion about the need to replace both implants when one is replaced and did not discuss any need or expectation that implants be evenly matched or symmetrical; and (3) plaintiff cited no testimony to support the Commission's finding.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 188 N.C. App. 337, 657 S.E.2d 34 (2008), affirming in part, reversing in part, and remanding an opinion and award entered by the North Carolina Industrial Commission on 15 March 2006. Heard in the Supreme Court 10 September 2008.

*Anne R. Harris; and Lennon & Camak, PLLC, by George W. Lennon, for plaintiff-appellant.*

*Robinson & Lawing, L.L.P., by Jolinda J. Babcock, for defendant-appellees.*

HUDSON, Justice.

This workers' compensation case concerns two issues: 1) sufficiency of notice to the employer of an injury by accident, and 2) whether competent evidence supported the Industrial Commission's findings about the need to replace plaintiff's left breast implant. We conclude that in enacting N.C.G.S. § 97-22, the General Assembly did not intend to require an injured worker to give written notice when the employer has actual notice of her on-the-job injury, as the employer had here. Further, we find the evidence of the need to replace the left implant to be insufficient. As discussed below, we affirm in part, reverse in part, and remand.

On 16 May 2001, plaintiff Penny Rumple Richardson was injured in a motor vehicle collision while on her job as a certified nursing assistant. Plaintiff's evidence showed that she suffered numerous injuries, including to her chest. Within thirty minutes after the crash,

while on the way to the emergency room, she called her supervisor by telephone to report the incident and request that he send someone to care for her patient in her absence. She did not give written notice until she filed a Form 18 (Notice of Accident to Employer and Claim of Employee for Workers' Compensation Benefits) with the Industrial Commission in June 2002.

Plaintiff saw her family physician for facial injuries and body soreness the day after the wreck. She also saw a plastic surgeon, David Bowers, M.D., beginning on 31 May 2001 and "complained of ruptured breast implants." On 7 June 2001, Dr. Bowers replaced both implants. He testified that the right implant did appear to be ruptured, but that "the left implant did not appear to me to be—to have been ruptured." Plaintiff also sought treatment for her knee from an orthopedic surgeon. Collectively, these physicians took her out of work until 6 August 2001. Plaintiff then worked until 6 October 2001, when she had surgery on her right knee. She performed sporadic light-duty jobs for her employer until shortly before another knee surgery on 25 June 2002. Since that date, she has been under restrictions and has not worked.

Following the accident, plaintiff filed a claim with Nationwide Insurance, her own motor vehicle carrier, because the at-fault driver of the other car did not stop and was never located. After receiving her final check from Nationwide in payment for her personal injuries, plaintiff filed her claim for workers' compensation benefits with the Industrial Commission in June 2002.

Defendants denied liability for the claim. The matter was heard before a deputy commissioner, who awarded plaintiff temporary total disability compensation and ordered defendants to pay all related medical expenses.

Defendants appealed to the Full Commission, which filed a divided decision on 15 March 2006 affirming the deputy with modifications. Defendants appealed to the Court of Appeals. On 5 February 2008, a divided panel of that court affirmed in part, reversed in part, and remanded the matter to the Commission for further proceedings. The majority agreed with defendants that the Full Commission erred in failing to address properly whether plaintiff reported her claim as required by N.C.G.S. § 97-22 and concluded that she failed to show a causal connection between the accident and any damage to her left breast implant. We reverse on the issue of notice, but affirm on the question of whether there was competent evidence to support the award of benefits for replacement of the left implant.

RICHARDSON v. MAXIM HEALTHCARE/ALLEGIS GRP.

[362 N.C. 657 (2008)]

The standard of review in workers' compensation cases has been firmly established by the General Assembly and by numerous decisions of this Court. N.C.G.S. § 97-86 (2007); *e.g. Deese v. Champion Int'l Corp.*, 352 N.C. 109, 530 S.E.2d 549 (2000). Under the Workers' Compensation Act, "[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965). Therefore, on appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. *Adams v. AVX Corp.*, 349 N.C. 676, 681-82, 509 S.E.2d 411, 414 (1998). This "court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson*, 265 N.C. at 434, 144 S.E.2d at 274.

The Commission made the following findings of fact and mixed findings of fact and conclusions of law[1] relevant to the two issues before this Court:

4. The plaintiff called her supervisor, David Popp, to report the accident within thirty minutes of the incident. She requested that he send a staff member to care for her patient. The defendants acknowledge the plaintiff's same-day notification of the accident as indicated on the Form 19 dated August 9, 2002. The defendants did not send another staff member to care for the plaintiff's patient.

. . . .

8. The plaintiff began to experience a decrease in the size of her breast implants almost immediately after the accident. She reported her concerns to the physicians at the emergency room, where a visual inspection was performed, and no asymmetry noted.

9. The plaintiff followed up with Dr. David Bowers, a plastic surgeon, on May 31, 2001, regarding her breast implants. She reported a decrease in the size of her implants since the accident. On June 7, 2001, Dr. Bowers performed bilateral breast re-augmentation, removing Plaintiff's original breast implants and replacing them with new implants. Dr. Bowers testified that the

---

1. Denominated findings of fact 27 and 28 are actually mixed findings of fact and conclusions of law.

right breast implant had a leak at the time it was removed, but the left one did not appear to have ruptured. He replaced both implants with fully filled 475 cc implants. Dr. Bowers billed and was paid by Nationwide Insurance for his work, pursuant to plaintiff's claim with Nationwide. Dr. Bowers restricted the plaintiff from work from June 7, 2001, the date of her surgery, until July 26, 2001.

10. The damage to plaintiff's breast implants were [sic] caused or aggravated by the accident. Dr. Bowers testified that the accident caused the leak he found in the plaintiff's right breast implant. He was not certain whether the accident caused the rippling in her left breast implant or whether the rippling was from normal wear and tear. However, Dr. Bowers noted that, even if there was deterioration of the implants pre-accident, the trauma to the plaintiff's chest would "most definitely" have accelerated or aggravated the process. Dr. Bowers replaced both implants, even though only one had ruptured, because the replacements would have to be symmetrical and evenly matched. Replacement of one implant required replacement of both.

. . . .

27. Defendants had no reasonable basis upon which to deny the plaintiff's claim. The defendants also failed to admit or deny the plaintiff's claim for injuries that she sustained in the May 16, 2001 accident in that they had actual notice of her injury by accident within 30 minutes of the time of the accident and have known about the medical treatment plaintiff has received as it was performed.

28. The plaintiff notified the defendant-employer about her accident on May 16, 2001, within thirty minutes. Her notice was timely. She gave written notice, by filing a Form 18 in June 2002. In light of the defendants' actual notice of the plaintiff's accident in May 2001, the defendants were not prejudiced by her failure to immediately file a written notice.

29. The defendants have not denied this claim within the prescribed time period as set forth in N.C. Gen. Stat. § 97-18, despite their actual notice. Thus, the Full Commission finds the amount of $250.00 to be a reasonable sanction for the defendants' failure to comply with the filing requirements of N.C. Gen. Stat. § 97-18.

[1] We begin by considering whether the majority in the Court of Appeals erred in remanding to the Full Commission for additional findings of fact and conclusions of law concerning whether plaintiff satisfied the notice requirements of N.C.G.S. § 97-22. As discussed below, we conclude that the Commission's findings and conclusions were adequate and the Court of Appeals' decision to remand was in error.

N.C.G.S. § 97-22 provides:

> Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, . . . *unless it can be shown that the employer, his agent or representative, had knowledge of the accident, . . .* ; but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, *unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.*

N.C.G.S. § 97-22 (2007) (emphasis added). Here, plaintiff did not give written notice of the accident to her employer until she filed Form 18 on 24 June 2002, well outside the thirty day period specified in section 97-22. However, as the Commission noted in findings four, twenty-seven and twenty-eight, plaintiff did notify her employer by telephone within thirty minutes after the collision, providing the employer actual "knowledge of the accident." The employer was also aware of plaintiff's injuries and medical treatments based on her regular communications between May 2001 and May 2002.

These findings in turn support the Commission's conclusion (actually stated in denominated finding twenty-eight) that in light of their immediate actual knowledge of plaintiff's injury by accident, "defendants were not prejudiced by her failure to immediately file a written notice." Thus, the Commission concluded, plaintiff complied with the requirements of section 97-22 by providing immediate actual notice to her employer, which was a reasonable excuse for not giving timely written notice, and by satisfying the Commission "that the employer has not been prejudiced thereby."

We note that the majority in the Court of Appeals cited *Booker v. Duke Medical Center*, 297 N.C. 458, 256 S.E.2d 189 (1979), for the proposition that "the mere existence of actual notice, without

more, cannot satisfy the statutorily required finding with respect to 'prejudice,' as the issue of 'prejudice' pursuant to section 97-22 must be evaluated in relation to the purpose of the notice requirement." *Richardson v. Maxim Healthcare/Allegis Grp.*, 188 N.C. App. 337, 346-47, 657 S.E.2d 34, 40 (2008). In *Booker*, this Court's actual holding was that the employer had waived the notice issue by failing to raise it before the Commission. 297 N.C. at 482, 256 S.E.2d at 204. In dicta, this Court did discuss two purposes for the statutory notice requirement: "It allows the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury, and it facilitates the earliest possible investigation of the circumstances surrounding the injury." *Id.* at 481, 256 S.E.2d at 204 (citation omitted). More recently, in *Legette v. Scotland Mem'l Hosp.*, 181 N.C. App. 437, 640 S.E.2d 744 (2007), *appeal dismissed and disc. rev. denied*, 362 N.C. 177, 658 S.E.2d 273 (2008), the Court of Appeals held that the hospital's actual notice of the plaintiff's injury "obviated the need for Plaintiff to provide written notice." *Id.* at 447, 640 S.E.2d at 751.

Although we denied review in *Legette*, leaving that holding intact, we have not explicitly stated the holding as above. Today we do. The plain language of section 97-22 requires an injured employee to give written notice of an accident "*unless it can be shown that the employer, his agent or representative, had knowledge of the accident.*" When an employer has actual notice of the accident, the employee need not give written notice, and therefore, the Commission need not make any findings about prejudice. The second clause of N.C.G.S. § 97-22, following the semicolon, applies to those cases in which written notice is required because the employer has no actual notice of the accident. It explains that an employee may be excused from even that requirement by providing a reasonable excuse for failing to give notice and by showing that the employer has not been prejudiced. Here, the employer's immediate actual notice of plaintiff's injury by accident satisfied the purposes of section 97-22, identified by this Court in *Booker*. Had it so desired, the employer could have acted to minimize the seriousness of plaintiff's injury by providing early medical care and to conduct the earliest possible investigation into the surrounding circumstances. Significantly, the employer's "actual notice" or "knowledge" of the accident also triggered the employer's duties set forth elsewhere in the Act to notify the Commission within five days, to notify the plaintiff within fourteen days of its decision to admit or deny the injury, and to quickly investigate. *See* N.C.G.S. §§ 97-18, 97-92; Indus. Comm'n R. 104. Moreover,

although we now hold it was not required to do so, the Commission specifically concluded that the employer here suffered no prejudice, having failed to act on its *actual* notice in any way, and further having failed to carry out these related statutory duties.

Finding four, and the factual portions of findings twenty-seven and twenty-eight are supported by competent evidence in the record, specifically by testimony from plaintiff and by the Form 19 eventually filed by the employer, dated 9 August 2002. In addition, as noted in finding twenty-nine, despite its actual knowledge of plaintiff's injury by accident on the day the accident occurred, 16 May 2001, the employer failed to investigate the circumstances or file the required forms and reports until it filed Form 19 in August 2002. As a result of these statutory violations, the Commission imposed a sanction upon defendants in the amount of $250.00. Because they are supported by competent evidence and not challenged here, these findings are conclusive. Here, the Commission's findings and conclusions regarding notice of plaintiff's injury go beyond what is required by N.C.G.S. § 97-22, although consistent with the dicta in *Booker*. We conclude that the Commission's findings regarding sufficiency of notice were supported by competent evidence in the record and that those findings in turn support its conclusions.

[2] We next consider whether competent evidence supported the Commission's finding that replacement of plaintiff's left breast implant was necessary as a result of the compensable accident. The majority in the Court of Appeals held that although "the Full Commission correctly ruled with respect to the replacement of plaintiff's right breast implant," it "erred in concluding that 'plaintiff sustained compensable injuries to her . . . *bilateral* breast implants.' " *Richardson*, 188 N.C. App. at 350, 657 S.E.2d at 42 (emphasis added by court). We agree.

Having carefully reviewed the record, we find no competent evidence to support the Commission's finding ten regarding accident-related damage to the left implant or about the need to replace both implants when only one was damaged because "the replacements would have to be symmetrical and evenly matched." Dr. Bowers consistently distinguished between the left and right breast implants, noting that the right implant had ruptured and was leaking while the left was not ruptured. He opined that the rippling he saw in the left implant was more likely due to an original underfilling. Dr. Bowers was unable to testify to a reasonable degree of medical probability that any damage to the left implant was related to the accident, and

he specifically stated that he could not do so. He expressed no opinion about the need to replace both implants when one is replaced and did not discuss any need or expectation that implants be evenly matched or symmetrical. Plaintiff cites no testimony to support the Commission's finding, referring only to Dr. Bowers' testimony that plaintiff told him that she thought there had been bilateral loss in the size of the implants. Although it seems logical that symmetry is desirable, our review is limited to the evidence in the record, and on this point, we find none.

Because there is no competent evidence to support finding ten, the Commission's award of benefits related to replacement of plaintiff's left implant cannot be upheld. Therefore, we affirm the Court of Appeals' remand to the Full Commission to determine the appropriate amount of compensation for replacement of the right implant alone.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.