CATHY BERARDI, Plaintiff, Employee,
v.
CRAVEN COUNTY SCHOOL DISTRICT, Employer, KEY RISK INSURANCE COMPANY, INC., Carrier, Defendants.
No. COA08-920
Court of Appeals of North Carolina
Filed April 21, 2009
This case not for publication
Lennon & Camak, P.L.L.C., by Michael W. Bertics, for plaintiff-appellee.
Prather Law Firm, by J. D. Prather, for defendants-appellants.
MARTIN, Chief Judge.
Defendants appeal from an Opinion and Award of the North Carolina Industrial Commission which affirmed the denial of defendants' application to terminate plaintiff's temporary total disability compensation. We affirm.
On 23 October 2003, plaintiff was employed as a cafeteria assistant by the Craven County school district when she suffered an admittedly compensable injury by accident to her back. Plaintiff was placed out of work and began treating with Dr. James Markworth and Dr. Kirk Harum. Defendants began paying temporary total disability compensation. On 7 June 2005, Dr. Angelo Tellis, Dr. Harum's colleague, reviewed plaintiff's recent functional capacity evaluation, determined that plaintiff had reached maximum medical improvement, and assigned an 8% permanent partial impairment rating to plaintiff's back. Dr. Tellis released plaintiff to work at the sedentary level with the following permanent restrictions: "no lifting greater than [ten pounds], allow frequent position changes, and avoid crouching or squatting." Dr. Markworth also reviewed plaintiff's functional capacity evaluation and recommended that plaintiff "would have to avoid any repeated bending or twisting, and . . . [should not] do any type of prolonged sitting."
In July 2005, Mr. Gregory Henderson, plaintiff's rehabilitation professional, gave Ms. Shirley Dawson, the school district's assistant superintendent for human resources, plaintiff's permanent work restrictions and asked her to prepare a job description for a light-duty cafeteria assistant position. The school district prepared a job description, and Dr. Tellis approved the position for plaintiff in light of her work restrictions. The school district offered the position to plaintiff, with a starting date of 25 August 2005. Plaintiff did not return to work on that date or at any time thereafter.
In September 2005, defendants filed an application with the Industrial Commission to terminate temporary total disability compensation on the grounds that the light-duty cafeteria assistant position was within plaintiff's work restrictions and that, therefore, plaintiff unjustifiably refused suitable employment. A special deputy commissioner disapproved the application, and defendants appealed. Following a hearing, a deputy commissioner filed an opinion and award on 14 June 2007 in which he found that the position violated plaintiff's work restrictions and that, therefore, plaintiff did not unjustifiably refuse suitable employment. Defendants appealed to the Full Commission. In an Opinion and Award filed 4 April 2008, the Full Commission affirmed the deputy commissioner's opinion and award with minor modifications and ordered defendants to continue paying temporary total disability compensation. Defendants appealed to this Court.
"[O]n appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." Richardson v. Maxim Healthcare/Allegis Grp., 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008). The dispositive issue in this appeal is whether there was any evidence in the record to support the Commission's finding that plaintiff did not unjustifiably refuse suitable employment. Estate of Gainey v. S. Flooring & Acoustical Co., 184 N.C. App. 497, 503, 646 S.E.2d 604, 608 (2007) (where sufficient findings based on competent evidence exist to support the Commission's conclusions, the Commission's opinion and award will not be disturbed even if there are other erroneous findings which do not affect the conclusions). In its Opinion and Award, the Commission found as follows:
Based upon the credible evidence of record, the Full Commission finds that the modified cafeteria assistant position was not suitable given plaintiff's permanent restrictions and was not a job that is ordinarily available in the competitive job market, having been created specifically for plaintiff. Because the modified cafeteria assistant position was not suitable, plaintiff's refusal of it was justified.
If there was any evidence that the position was not suitable, this finding of fact is binding on this Court. Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), reh'g denied, 350 N.C. 108, 532 S.E.2d 522 (1999). Such a finding, along with the Commission's unchallenged finding that plaintiff is unable to earn any wages in any other suitable position, supports the Commission's conclusion that plaintiff is entitled to receive ongoing temporary total disability compensation. N.C. Gen. Stat. § 97-29 (2007); see also N.C. Gen. Stat. § 97-32 (2007) ("If an injured employee refuses employment procured for him suitable to his capacity he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified.").
In their brief, defendants assert the evidence was "uncontroverted" that the light-duty cafeteria assistant position conformed to plaintiff's work restrictions. Such evidence, in the form of statements by Dr. Tellis, Mr. Henderson, and Ms. Dawson, was indeed bountiful but was not uncontroverted. Plaintiff repeatedly stated in her hearing testimony and in her affidavit that many of the job duties in the position's job description violated her work restrictions. We agree with plaintiff that defendants improperly ask this Court to reweigh the evidence. See Richardson, 362 N.C. at 660, 669 S.E.2d at 584 (stating that the Industrial Commission is "'the sole judge of the credibility of the witnesses and the weight to be given their testimony.'") (quoting Anderson v. Lincoln Constr. Co., 265 N.C. 431, 43334, 144 S.E.2d 272, 274 (1965)). The Commission's finding was supported by evidence. Moreover, the Commission's finding supports the conclusion that plaintiff's refusal of the position was justified.
In light of this Court's duty to determine whether any evidence supports the Industrial Commission's findings, we need not determine whether the Commission's alternative findingthat the light-duty position was not suitable because it was not ordinarily available in the competitive job marketwas supported by evidence or was erroneous given the requirements of the Americans with Disabilities Act. Additionally, defendants' contention that this matter should be remanded for findings of fact concerning plaintiff's entitlement to receive temporary total disability compensation in light of Dr. Tellis' determinations that plaintiff had reached maximum medical improvement and had an 8% permanent partial disability rating is without merit. Knight v. Wal-Mart Stores, Inc., 149 N.C. App. 1, 16, 562 S.E.2d 434, 445 (2002) ("[Maximum medical improvement] represents the first point in time at which the employee may elect, if the employee so chooses, to receive scheduled benefits for a specific physical impairment under N.C. Gen. Stat. § 97-31 . . . ."), aff'd per curiam, 357 N.C. 44, 577 S.E.2d 620 (2003). Finally, in the exercise of our discretion, we deny plaintiff's request for fees and sanctions in relation to this appeal. N.C. Gen. Stat. § 97-88 (2007).
AFFIRMED.
Judges WYNN and ERVIN concur.
Report per Rule 30(e).