**ARCHIE v. KIRK**

[217 N.C. App. 598 (2011)]

ROBERT LEE ARCHIE, JR., Employee, Plaintiff v. EDWARD KIRK, d/b/a KIRK CON-
TRACTING, Employer; LAMAR ADVERTISING, INC., Contractor; CAP CARE
GROUP, INC., Contractor; Employer; and LIBERTY MUTUAL INSURANCE CO.,
ZURICH NORTH AMERICA, and BUILDERS MUTUAL INSURANCE, Carriers,
Defendants

No. COA11-436

(Filed 20 December 2011)

### 1. Workers' Compensation—employer-employee relation-ship—occasional sign hanging

The Industrial Commission did not err in a workers' compen-
sation case by concluding that an employer–employee relationship
existed between plaintiff and defendant Kirk. Considering the
circumstances in which the matter arose as well as the manner in
which plaintiff was paid, the supervision of plaintiff, and the
furnishing of equipment, plaintiff's performance of his duties in
hanging billboard signs for Kirk lacked the independence neces-
sary for classification as an independent contractor.

### 2. Workers' Compensation—appeal—no direct ruling by Industrial Commission

Arguments in a workers' compensation case about whether
all of plaintiff's medical problems stemmed from his work-related
injury were not properly before the Court of Appeals where there
was no indication of a direct ruling by the Industrial Commission.

Appeal by defendants Edward Kirk, d/b/a Kirk Contracting, and
Liberty Mutual Insurance Company from opinion and award entered
15 December 2010 by the North Carolina Industrial Commission.
Heard in the Court of Appeals 26 October 2011.

*Davis and Hamrick, L.L.P., by Ann C. Rowe, for defendant-
appellants.*

*Daggett Shuler, Attorneys at Law, by Griffis C. Shuler, for
plaintiff-appellee.*

BRYANT, Judge.

Because plaintiff lacked the independence necessary to deter-
mine he was an independent contractor, we affirm the Commission's
conclusion that an employer-employee relationship existed between
defendant and plaintiff. Further, because the Commission did not

make a direct ruling on the specific medical conditions for which plaintiff was to receive compensation, defendants' contentions are not properly before us.

On 10 June 2009, Deputy Commissioner Robert W. Rideout heard testimony to determine whether an employer-employee relationship existed between plaintiff Robert Archie and defendant Edward Kirk (Kirk) and whether plaintiff suffered a compensable injury and was entitled to benefits.

Kirk was self-employed. He contracted with advertising companies to change billboard advertisements. The work was unsteady: billboard advertisements could be changed as often as every ninety days or as infrequently as every two years. He often required the help of only one person, though a large billboard may take a few hours and require more than two people.

Kirk met plaintiff through a friend, and plaintiff had been helping Kirk hang billboard signs since 2004. Plaintiff never submitted an employment application or references nor did he sign an employment contract. No one who aided Kirk in hanging billboards ever submitted an application or signed an employment contract, and Kirk did not keep personnel records. Before starting a job, Kirk would call plaintiff to ask if he was available. Kirk paid plaintiff either $9.00 to $10.00 per hour or $40.00 per billboard sign, and the payment method varied by the job. Kirk transported plaintiff to the job site and provided the necessary tools—a helmet, harness, rope, hammers, screws, bolts, and a utility knife. Sometimes before arriving at a job site, Kirk stopped and bought supplies. Occasionally, a job required more than two people, but, most of the time, plaintiff and Kirk worked alone. Plaintiff testified that if Kirk hired other people to hang a billboard sign, "[Kirk] would be down on the ground supervising [them]." It was not often that plaintiff would hang a billboard without Kirk present. Kirk testified that plaintiff knew how to take the billboard signs down and put them up; he didn't need any special instruction.

On 10 October 2006, plaintiff assisted Kirk with a billboard located in Madison, Rockingham County. Including plaintiff, Kirk hired three people for the job, which was to remove an old sign on the billboard in preparation for installing a new sign. The billboard was thirty-to-forty feet high and at one end was a "power pole," approximately an arm's length away. Plaintiff went up on top of the billboard wearing the harness and hard hat Kirk provided. The billboard sign to be removed was fastened by metal poles. As plaintiff was holding one

ARCHIE v. KIRK

[217 N.C. App. 598 (2011)]

of the metal poles, it touched an adjacent power line, and plaintiff was electrocuted. His leg caught and was trapped at the top of the billboard. His body from his chest to his kneecaps caught on fire. Plaintiff was air-lifted to Wake Forest University Baptist Medical Center where he received treatment for flame and electrical burns resulting from having been shocked with 7200 volts of electricity. Plaintiff remained in the hospital for two months.

On 15 August 2007, plaintiff filed a Form 18, Notice of Accident to Employer and Claim of Employee, Representative, or Dependent, with the Industrial Commission. Plaintiff's workers' compensation claim was denied, and plaintiff filed a request that the matter be assigned for hearing.

On 11 June 2010, the deputy commissioner filed an opinion and award concluding that plaintiff was an employee of Kirk and that defendants Kirk and Liberty Mutual Insurance Company were responsible for temporary total disability benefits, as well as, past and future medical bills. Co-defendants Lamar Advertising, Inc. and Zurich Insurance Company, Cap Care Group, and Builders Mutual Insurance Company were dismissed as parties. Defendants Kirk and Liberty Mutual Insurance Company (defendants) filed an application for review by the Full Commission (the Commission).

On 14 December 2010, the Commission filed an opinion and award ordering defendants to pay plaintiff temporary total disability compensation at a rate of $266.68 per week from 10 October 2006 through 14 December 2010 and continuing until further order. The Commission also ordered defendants to pay plaintiff's past and future medical expenses related to the injury. Defendants appeal.

_____

On appeal, defendants contend that the Commission erred by (I) concluding that Kirk had three or more employees on 10 October 2006 and that an employer-employee relationship existed between Kirk and plaintiff; (II) concluding that plaintiff was not an independent contractor; and (III) concluding that plaintiff met his burden of proof entitling him to temporary total disability compensation and medical expenses, including future medical expenses.

*I & II*

[1] Defendants contend that the Commission erred when it concluded that it had jurisdiction over plaintiff's claims premised upon findings that Kirk had three or more regular employees on 10 October

2006 and that an employer-employee relationship existed between plaintiff and Kirk at that time. We disagree.

"One who seeks to avail himself of the [Workers' Compensation] Act must come within its terms and must be held to proof that he is in a class embraced in the Act." *Hayes v. Bd. of Trustees,* 224 N.C. 11, 20, 29 S.E.2d 137, 142 (1944) (citations omitted).

> To be entitled to maintain a proceeding for workers' compensation, the claimant must be, in fact and in law, an employee of the party from whom compensation is claimed. The issue of whether the employer-employee relationship exists is a jurisdictional one. An independent contractor is not a person included within the terms of the Workers' Compensation Act, and the Industrial Commission has no jurisdiction to apply the Act to a person who is not subject to its provisions.

*Youngblood v. North State Ford Truck Sales,* 321 N.C. 380, 383, 364 S.E.2d 433, 437 (1988) (citations omitted).

> The finding of a jurisdictional fact by the Industrial Commission is not conclusive upon appeal even though there be evidence in the record to support such finding. The reviewing court has the right, and the duty, to make its own independent findings of such jurisdictional facts from its consideration of all the evidence in the record.
>
> . . .
>
> Whether an employer-employee relationship existed at the time of the injury is to be determined by the application of ordinary common law tests. Under the common law, an independent contractor exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work. In contrast, an employer-employee relationship exists where the party for whom the work is being done retains the right to control and direct the manner in which the details of the work are to be executed.

*McCown v. Hines,* 353 N.C. 683, 686, 549 S.E.2d 175, 177 (2001) (citations and quotations omitted).

> [T]he factors traditionally reviewed by our courts in determining whether a person is an independent contractor: whether the person (1) is engaged in an independent business, calling,

or occupation; (2) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (3) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (4) is not subject to discharge because he adopts one method of doing the work rather than another; (5) is not in the regular employ of the other contracting party; (6) is free to use such assistants as he may think proper; (7) has full control over such assistants; and (8) selects his own time.

*Coastal Plains Util., Inc. v. New Hanover Cty.*, 166 N.C. App. 333, 346, 601 S.E.2d 915, 923-24 (2004) (citation omitted). "No particular one of these factors is controlling in itself, and all the factors are not required. Rather, each factor must be considered along with all other circumstances to determine whether the claimant possessed the degree of independence necessary for classification as an independent contractor." *McCown*, 353 N.C. at 687, 549 S.E.2d at 178 (citations omitted).

The record before us shows that though Kirk sometimes paid plaintiff a lump sum amount, plaintiff was often paid by the hour, *see Youngblood*, 321 N.C. at 384, 364 S.E.2d at 437-38 ("Payment of a fixed contract price or lump sum ordinarily indicates that the worker is an independent contractor, while payment by a unit of time, such as an hour, day, or week, is strong evidence that he is an employee[.]" (citations omitted)). The record also tends to indicate defendant exercised little supervision over plaintiff. However, on this point we note the Supreme Court's statement regarding supervision:

[T]he fact that a claimant is skilled in his job and requires very little supervision is not in itself determinative. If the employer has the right of control, it is immaterial whether he actually exercises it. Nonexercise can often be explained by the lack of occasion for supervision of the particular employee, because of his competence and experience.

*Id.* at 387, 364 S.E.2d at 439 (citations omitted).

Further, the record shows that plaintiff was regularly, albeit intermittently, hired by Kirk from 2004 until 10 October 2006. Kirk transported plaintiff to job sites, and when plaintiff arrived, Kirk provided the tools to be used on the job: a helmet, harness, rope, hammers, screws, bolts, and a utility knife. *See id.* at 385, 364 S.E.2d at 438 ("when valuable equipment is furnished to the worker, the relationship is almost invariably that of employer and employee.").

**ARCHIE v. KIRK**

[217 N.C. App. 598 (2011)]

Considering these factors in combination with the circumstances from which this matter arose, plaintiff's performance of his duties in hanging billboard signs for Kirk lacked the independence necessary for classification as an independent contractor. *See id.* (holding that a company's hire of an·equipment salesman to train the company's employees over a five-day period established an employer-employee relationship where the company paid a wage per day, provided all necessary tools and equipment, exercised control over the salesman's schedule, and retained the right to discharge the salesman at any time); *compare McCown,* 353 N.C. 683, 549 S.E.2d 175 (holding that a roofer was an independent contractor where the evidence showed he had a specialized skill; provided his own equipment; was to receive a lump sum payment for the job rather than an hourly wage; exhibited discretion in how the work was to be completed; lacked regular employment by any one employer; and had only a self-imposed daily work schedule). Therefore, we hold that an employer-employee relationship existed between Kirk and plaintiff on 10 October 2006, and defendants' argument contesting the Commission's jurisdiction for lack of an employer-employee relationship is overruled. *McCown,* 353 N.C. at 686, 549 S.E.2d at 177.

*III*

**[2]** Defendants next argue that the Commission erred in finding that plaintiff carried his burden of proof establishing compensability and temporary total disability entitling him to compensation for disability, as well as, previously incurred and future medical expenses. Specifically, defendants contend that the evidence does not support the finding and subsequent conclusion that all of plaintiff's medical problems stem from the 10 October 2006 injury. Plaintiff received treatment for diabetes, vision problems, and hypertension, conditions from which he suffered prior to 10 October 2006. Further, defendants argue that plaintiff receives ongoing treatment for bilateral hand pain, sinusitis, acute gastroenteritis, cellulitis of the left hand, subungual hematoma of the left thumb or a blood blister, but failed to establish a causal connection to the 10 October 2006 injury.

"[O]n appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." *Richardson v. Maxim Healthcare/Allegis Group,* 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted).

In its award, the Commission ordered that

> 2. Defendant-Employer Edward Kirk, d/b/a Kirk Contracting shall pay for [plaintiff]'s past medical expenses related to his injury of October 10, 2006, *when the same have been presented and approved for payment by the Industrial Commission in accordance with the Act and administrative regulation.* Plaintiff's treatment by his medical care providers, including, but not limited to, his treating physicians for his burns and electrical injuries . . . are hereby approved and authorized.

> 3. Defendant-Employer Edward Kirk, d/b/a Kirk Contracting shall pay for [plaintiff]'s reasonable future medical expenses for his medical condition related to his injury of October 10, 2006, at the direction of [plaintiff's treating physicians].

(Emphasis added).

The Commission concluded that plaintiff was not an independent contractor and that the greater weight of evidence established he was an employee of Edward Kirk. The medical evidence established that plaintiff was temporarily totally disabled on 10 October 2006 as a result of a compensable injury. Furthermore, "[plaintiff] ha[d] carried his burden in the case on compensability and disability as to Defendant Edward Kirk d/b/a Defendant Contracting and its Carrier Liberty Mutual Insurance Company." The Commission concluded that "Defendant-Employer Edward Kirk, d/b/a Kirk Contracting is responsible for payment of all of [plaintiff]'s past medical treatment reasonably related to his compensable injury by accident of October 10, 2006[,]" and that "[plaintiff] is entitled to have Defendant-Employer Edward Kirk, d/b/a Kirk Contracting pay all ongoing and future medical expenses related to [plaintiff]'s condition from the accident of October 10, 2006."

Although the Commission concluded that "Defendant-Employer Edward Kirk, d/b/a Kirk Contracting shall pay for [plaintiff]'s past medical expenses related to his injury of October 10, 2006, *when the same have been presented and approved for payment by the Industrial Commission in accordance with the Act and administrative regulation[,]*" the record does not indicate that the Commission reached a conclusion as to whether plaintiff's treatments for diabetes, vision loss, hypertension, bilateral hand pain,

sinusitis, acute gastroenteritis, cellulitis of the left hand, subungual hematoma of the left thumb or a blood blister were to be encompassed in the award. Therefore, because there is no indication of a direct ruling as to these medical treatments these arguments are not properly before us. N.C. R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make . . . . It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion."); *see also, Maxim Healthcare/Allegis Group*, 362 N.C. at 660, 669 S.E.2d at 584. Accordingly, we dismiss defendants' arguments on this issue. *See* N.C. R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

Affirmed in part; dismissed in part.

Judges ELMORE and STEPHENS concur.