IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-234

No. COA20-745

Filed 1 June 2021

North Carolina Industrial Commission, I.C. No. 13-763301

HERMENA RICHARDSON, Employee, Plaintiff

v.

GOODYEAR TIRE & RUBBER COMPANY, Employer, LIBERTY MUTUAL INSURANCE GROUP, Carrier, Defendants.

Appeal by plaintiff from opinion and award entered 18 August 2020 by the North Carolina Industrial Commission. Heard in the Court of Appeals 12 May 2021.

> *Law Offices of Kathleen G. Sumner, by Kathleen G. Sumner, David P. Stewart, and Jay A. Gervasi, Jr., for plaintiff-appellant.*

> *Young Moore and Henderson, P.A., by Jefferson P. Whisenant, for defendant-appellee.*

TYSON, Judge.

¶ 1 Hermena Richardson ("Plaintiff") appeals from an Opinion and Award by the North Carolina Industrial Commission ("Commission") granting the Goodyear Tire & Rubber Company and Liberty Mutual Insurance Company's ("Defendants") motion to add additional evidence, affirming the deputy commissioner's Opinion and Award, and denying the award of attorney's fees. We affirm.

## I.    Background

¶ 2		Plaintiff sustained compensable injuries in the course and scope of her employment to her bilateral shoulders on 21 October 2013. Plaintiff reached maximum medical improvement ("MMI") for her right shoulder injury and was given permanent restrictions in December 2014.

¶ 3		Plaintiff presented for a second evaluation by Dr. Brian Szura, who also found Plaintiff was at MMI for the right shoulder and assigned a 10% disability rating on 13 August 2015. The parties agreed Plaintiff was not disabled under the North Carolina Workers' Compensation Act. Plaintiff was already out of work for an unrelated knee condition, followed by her unrelated back condition. Dr. Christopher Barnes opined Plaintiff had reached MMI for her bilateral shoulder injury in January 2016.

¶ 4		On 10 August 2016, the Commission entered the Consent Order memorializing the parties' agreement. According to the Consent Order:

> Employee has . . . sustained no additional disability as a result of her compensable bilateral shoulder injury. Employee will not be entitled to indemnity benefits in the future *unless and until she is taken out of work totally for her bilateral shoulder condition by her authorized treating physician* or unless defendants are unable to accommodate bilateral shoulder work restrictions assigned by her authorized treating physician, in which case, Defendants have agreed to immediately reinstate temporary total disability benefits. (emphasis supplied).

¶ 5		The parties designated Dr. Peter Dalldorf as Plaintiff's authorized treating

physician.

¶ 6     Two weeks after approval of the Consent Order, Dr. Dalldorf excused Plaintiff from work for two months on 29 August 2016 due to her left shoulder. Defendants re-instated temporary total disability compensation at the maximum compensation rate for 2013. This compensation continued to be paid at the time this appeal was filed.

¶ 7     Dr. Dalldorf opined Plaintiff had reached MMI for the left shoulder and assigned a 20% disability rating to the left arm and permanent work restrictions on 5 April 2017. Dr. Dalldorf noted the need to perform an isolated upper extremity functional capacity evaluation ("FCE") to determine Plaintiff's permanent restrictions. Plaintiff was unable to undergo the evaluation due to her unrelated back restrictions.

¶ 8     Plaintiff regularly visited Dr. Dalldorf to address her compensable shoulder injuries and attempted new treatments from October 2017 until October 2019. Defendants scheduled an independent medical examination with Dr. Marshall Kuremsky in November 2019. On 13 January 2020, Defendants asked Dr. Dalldorf to prescribe and order the previously indicated FCE for Plaintiff. Dr. Dalldorf responded he would not order an FCE. Plaintiff refused to participate in the FCE.

## II.    Procedural History

¶ 9     Defendants filed a motion to compel medical treatment before the Commission

on 28 February 2020. They sought an order for Plaintiff to participate in an FCE pursuant to N.C. Gen. Stat. § 97-25 and 11 N.C. Admin. Code 23A.0609 of the Workers' Compensation Rules. Defendants argued, pursuant to N.C. Gen. Stat. § 97-25, they direct Plaintiff's medical treatment, and medical compensation is defined "as may reasonably be required to effect a cure or give relief and . . . will tend to lessen the period of disability" in accordance with N.C. Gen. Sta. § 97-2(19) (2019).

¶ 10 Special Deputy Commissioner Kimberly Fennell denied Defendants' motion. Defendants filed a motion to reconsider their motion to compel medical treatment. Defendants again cited "medical compensation" as the basis pursuant to N.C. Gen. Stat. § 97-25. Special Deputy Commissioner Fennell agreed to hear the motion and again denied Defendants' motion to compel medical treatment on 7 April 2020. Special Deputy Commissioner Fennell recommended the issue be raised before the Commission by requesting an appeal.

¶ 11 Defendant filed a Form 33: Request the Claim be Assigned for Hearing on 9 April 2020 in response to the special deputy commissioner's 7 April order. Defendants requested the scope of the hearing be limited to the legal issues raised in Defendants' motion to compel medical treatment. The parties submitted a pre-trial agreement and stipulations.

¶ 12 Issues before Deputy Commissioner Lori Gaines included: (1) whether an FCE qualifies as medical compensation as defined in N.C. Gen. Stat. §§ 97-2(19) and 97-

25; (2) whether the FCE was wholly unnecessary; and (3) whether Defendants should pay attorney fees pursuant to N.C. Gen. Stat. §§ 97-25(f)(5) and 97-88.1

¶ 13 Deputy Commissioner Gaines gave "great weight" to Dr. Dalldorf's revised opinion that an FCE was unsuitable. The commissioner found "Defendants acted unreasonably in waiting three years post MMI to request [an FCE]." Deputy Commissioner Gaines concluded: "[b]ased on the preponderance of evidence . . . [the FCE] at issue is not medical compensation because it does not effect a cure, provide relief or lessen the period of disability." The Opinion and Award was entered 10 June 2020 pursuant to N.C. Gen. Stat. § 97-25(f). The deputy commissioner awarded Plaintiff attorney's fees, "[a]s sanctions for Defendants' unreasonable engagement in stubborn, unfounded litigiousness of this claim."

¶ 14 Defendants filed a motion to reconsider the award of attorney's fees on 19 June 2020. Deputy Commissioner Gaines denied Defendants' motion to reconsider and ordered Defendants to pay Plaintiffs' attorney's fees pursuant to N.C. Gen. Stat. §§ 97-25(f)(5) and 97-88.1 in the amount of $11,075.00 for 44.3 hours worked defending Plaintiff's claims since February 2020. Defendants filed notice of appeal to the Full Commission along with a motion to admit additional evidence to present proof of Plaintiff's ongoing medical treatments.

¶ 15 The issues before the Full Commission included: (1) whether Defendant's motion to compel Plaintiff's FCE should be approved, and (2) whether Plaintiff is

entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. §§ 97-25(f)(5), 97-88.1.

¶ 16    The Commission found *inter alia*: (1) Defendants were made aware of Plaintiff reaching MMI for her left shoulder in March 2017; (2) Plaintiff received shoulder injections from October 2017 until August 2019; (3) Plaintiff indicated pain was no longer an issue on 10 August 2018; (4) Dr. Dalldorf ordered a diagnostic MRI for Plaintiff's right shoulder on 30 September 2019; (5) Dr. Dalldorf administered to Plaintiff additional injections and reviewed the MRI and noted he was "not really sure why [Plaintiff] is experiencing as much difficulty with her right shoulder as she is" on 14 October 2019; (6) Defendants scheduled an independent medical examination ("IME") two days later for 6 November 2019; and, (7) Dr. Kuremsky recommended the FCE at issue on 6 November 2019, which Dr. Dalldorf opined was not appropriate because it would not give the physician any information regarding Plaintiff's ability to return to work given the other injuries.

¶ 17    The Commission concluded, "[the FCE] in dispute in this matter is not reasonably necessary to effect a cure, provide relief, or lessen the period of disability as a result of Plaintiff's compensable injuries." The Commission further concluded "Defendants have not acted unreasonably by initiating the underlying medical motion pursuant to N.C. Gen. Stat. § 97-25(f)" and denied an award of attorney's fees for Plaintiff. Plaintiff appeals.

### III.     Jurisdiction

An appeal lies with this Court from the Industrial Commission pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 97-86 (2019).

### IV.     Issue

Whether the Commission's findings of fact and conclusions of law are insufficient to support the decision not to award attorney's fees to Plaintiff when the Commission determined Defendants brought this action as an expedited medical motion pursuant to N.C. Gen. Stat. § 97-25(f), and the FCE at issue was determined not to constitute medical compensation under the act.

### V.     Standard of Review

Review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. "This court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted).

"The decision whether to award or deny attorney's fees rests within the sound discretion of the Commission and will not be overturned absent a showing that the decision was manifestly unsupported by reason." *Bell v. Goodyear Tire & Rubber Co.*, 252 N.C. App. 268, 279, 798 S.E.2d 143, 151 (2017) (citation omitted).  This Court

reviews the Commission's conclusions of law *de novo*. *Id*. at 272, 798 S.E.2d at 147.

## VI.    Analysis

### A.  N.C. Gen. Stat. §§ 97-2(19) and 97-25(f)

¶ 22    The Workers' Compensation Act provides "a party may file a motion as set forth in this subsection regarding a request for medical compensation or a dispute involving medical issues." N.C. Gen. Stat. § 97-25(f).  Defendants defended the request for a compelled FCE as medical compensation before Special Deputy Commissioner Fennell, Deputy Commissioner Gaines, and the Full Commission.  On appeal, Defendants argue their medical motion is permissible under the statute as a "dispute involving medical issues" pursuant to N.C. Gen. Stat. § 97-25.

¶ 23    Defendants argued before the Commission a "dispute involving medical issues" is permitted by N.C. Gen. Stat. § 97-25(f).  Defendants' asserted argument the FCE was a "dispute involving medical issues" is not properly before this Court.  *See Setzer v. Boise Cascade Corp*., 123 N.C. App. 441, 445, 473 S.E.2d 431, 433 (1996) (holding "we do not reach the substantive merits of defendants' arguments on appeal [because he did] not properly preserve for this Court's consideration under Rule 10. N.C.R. App. P. 10(b)(1)").

¶ 24    Whether the IME for the isolated upper extremity FCE would qualify as medical compensation under the statute is a question of law.  Defendants did not cross-appeal the Commission's finding the FCE at issue is not medical compensation.

This issue is not before this Court. We express no opinion on the merits, if any, of this issue.

### B. Reasonableness of Defendants' Motion

¶ 25 N.C. Gen. Stat. § 97-25(f) provides guidance for the imposition of attorney's fees when a party acts unreasonably in filing a medical motion when a party: (1) is requesting medical compensation; or (2) there is a dispute involving medical issues. N.C. Gen. Stat. §§ 97-25(f) (2019).

¶ 26 Defendants argue the Commission correctly concluded they did not act unreasonably in filing the underlying expedited medical motion because they presented medical evidence that the FCE was reasonably required to determine Plaintiff's work restrictions as of 28 February 2020.

¶ 27 Plaintiff argues the FCE at issue does not constitute medical compensation or medical treatment and is not a proper subject of the truncated medical motion procedure set forth in N.C. Gen. Stat. § 97-25(f). Plaintiff asserts Defendants failed to request proper medical compensation under the statute.

¶ 28 Defendants clearly have the statutory right to direct Plaintiff's necessary medical treatment. N.C. Gen. Stat. § 97-25(c) (2019) ("the Industrial Commission may order necessary treatment"). Plaintiff had several concurrent injuries and conditions, some work related and some not. The parties stipulated in their Consent Order the bilateral shoulder injury was compensable, and as long as the treating

physician excused Plaintiff from work for the shoulder injuries, Defendant would pay the medical costs related thereto.

¶ 29   Plaintiff's shoulder treatments were ongoing from October 2017 to October 2019. Defendants requested the FCE two days after Dr. Dalldorf had reviewed Plaintiff's MRI results. He could not determine why Plaintiff had continued to experience difficulties after treatments for the work-related shoulder injury. Defendants assert it was imperative to ensure Plaintiff's bilateral shoulder injuries prevented her from work as support for their requested FCE. The MMI had been ordered and completed for both shoulders. Plaintiff had undergone injections, therapy, medications and claimed her pain was not an issue.

¶ 30   Defendants scheduled an IME two days after Dr. Dalldorf had reviewed Plaintiff's MRI for 6 November 2019. Dr. Kuremsky recommended the FCE at issue on 6 November 2019, which Dr. Dalldorf opined was not appropriate, even though he had agreed he could not substantiate Plaintiff's complaint related to her shoulders. The Commission properly found Defendants reasonably acted within their statutory rights after treatments and claims of lack of pain to determine the status of Plaintiff's compensable shoulder injury, which "will tend to lessen the period of disability," particularly if Dr. Dalldorf's FCE reservations were based upon or due to Plaintiff's non-employment related medical conditions. N.C. Gen. Stat. § 97-2(19).

### C. Award of Attorney's Fees

¶ 31        Plaintiff contends Defendants' motion should retroactively be held not to be a request for medical compensation, and the Commission must award attorney's fees under N.C. Gen. Stat. § 97-25(f)(5) as a matter of law. We disagree and affirm the Commission's Opinion and Award on this issue.

¶ 32        This notion would require any unsuccessful medical motion, from any party, to result in an automatic award of attorney's fees as a matter of law, without the Commission exercising its discretion. "[S]uch liberality should not . . . extend beyond the clearly expressed language of those provisions, and our courts may not enlarge the ordinary meaning of the terms used by the legislature or engage in any method of 'judicial legislation.'" *Deese v. Lawn and Tree Expert Co.*, 306 N.C. 275, 277, 293 S.E.2d 140, 143 (1982) (citations omitted).

¶ 33        An award of attorney's fees is only permissible under N.C. Gen. Stat. § 97-25(f)(5) when "the Commission determines that any party has acted unreasonably by initiating or objecting to a motion filed pursuant to this section." N.C. Gen. Stat § 97-25(f)(5). Plaintiff has failed to show the Commission abused its discretion, or that its findings are "manifestly unsupported by reason." *Bell*, 252 N.C. App. at 279, 798 S.E.2d at 151.

¶ 34        Defendants' initial motion to compel the FCE was asserted as medical compensation under N.C. Gen. Stat. § 97-2(19). Presuming without deciding, the Commission properly concluded Defendants had misapplied the statute, the

Commission also concluded Defendants' actions do not warrant imposition of Plaintiff's attorney's fees. That conclusion is not "manifestly unsupported by reason" under these facts. *Bell*, 252 N.C. App. at 279, 798 S.E.2d at 151.

¶ 35          Plaintiff was and is receiving ongoing disability compensation from Defendants. On 14 October 2019, Plaintiff's authorized treating physician, Dr. Dalldorf, could no longer explain her right shoulder complaints. Defendants sought a second opinion through an IME. Defendants inquired if Dr. Kuremsky would recommend an FCE to determine Plaintiff's work restrictions for her compensable bilateral shoulder injuries. Dr. Kuremsky noted "it would not be unreasonable to have an [FCE] . . . in order to have a specific set of restrictions or limitations . . . that would help in assigning any permanent restrictions" for Plaintiff.

¶ 36          An employee is only entitled to disability compensation if the employee is unable "because of injury to earn the wages which the employee was receiving at the time of injury." N.C. Gen. Stat. § 97-2(9). The parties' August 2016 Consent Order agreed Plaintiff would only be entitled to disability compensation if "she is taken out of work totally for her bilateral shoulder condition by her authorized treating physician or unless defendants are unable to accommodate bilateral shoulder work restrictions."

¶ 37          The motion to compel the FCE could determine Plaintiff's work restrictions and ability and her continued entitlement to disability compensation for that injury.

The Commission concluded Defendant's motion was not "manifestly unsupported by reason" under these facts. *Bell*, 252 N.C. App. at 279, 798 S.E.2d at 151. If Plaintiff's unrelated medical conditions limits or prevents her from undergoing an FCE, that fact does not render Defendant's motion and assertions unreasonable.

¶ 38 Plaintiff argues the Commission failed to make appropriate findings of fact to support its conclusion of law that Defendants were not unreasonable in bringing this non-medical issue as a medical motion under the truncated expedited medical motion procedure under N.C. Gen. Stat. §§ 97-78(f)(2) and 97-25(f).

¶ 39 The Commission in its discretion properly concluded an award of attorney's fees was not allowed pursuant to N.C. Gen. Stat. § 97-25(f). Plaintiff is not entitled to attorney's fees. That portion of the Commission's Opinion and Award is affirmed.

## D. N.C. Gen. Stat. § 97-88.1

¶ 40 Plaintiff abandoned her appeal regarding attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 (2019). An award of attorney's fees under this statute is not before us.

## E. Frivolous Appeal

¶ 41 This Court has consistently held Rule 34 sanctions may be warranted, *inter alia*, if the appeal is not well grounded in fact, warranted by existing law, or taken for an improper purpose. *MacMillan v. MacMillan*, 239 N.C. App. 573, 771 S.E.2d 633 (2015).

¶ 42 Defendant argues Plaintiff has brought a frivolous appeal. Plaintiff's case was

presented before Special Deputy Commissioner Fennell who denied and re-denied Defendants' motion to compel the FCE. Deputy Commissioner Gaines found the FCE was not medical compensation and determined the unreasonableness of the motion compelled Plaintiff's attorney's fees. The Commission agreed Defendants did not act unreasonably in attempting to confirm the degree and limits of Plaintiff's shoulder restrictions.

¶ 43     Plaintiff's argument was affirmed repeatedly before the Commission at three different levels. It can hardly be said that Plaintiff's appeal is not well grounded or taken for improper purpose before this Court. Defendants' assertion has no merit and is dismissed.

## VII.    Conclusion

¶ 44     The Commission found the FCE at issue was not medical compensation, Defendants did not cross-appeal that conclusion. We express no opinion on the merits, if any, of that issue. The Full Commission properly concluded Defendants' motion to compel the FCE was not unreasonable and, as such, did not abuse its discretion in concluding Plaintiff is not entitled to an award of attorney's fees.

¶ 45     Finally, Plaintiff's appeal is based on the statutory requirements is well grounded and is not frivolous. The Opinion and Award of the Commission is affirmed. *It is so ordered.*

AFFIRMED.

Judges HAMPSON and WOOD concur.