STEPHENS, Judge.
This appeal by Employee-Plaintiff from the denial of worker's compensation benefits for disability and the treatment of certain medical conditions requires that we apply our well-established standard of review in considering her arguments of error by the North Carolina Industrial Commission. Because competent evidence in the record supports each finding of fact made by the Commission, and those findings of fact support its conclusions of law, we affirm the opinion and award.
Factual Background and Procedural History
Evidence before the Commission tended to show the following: Plaintiff-Employee Robin Reece began working for Defendant-Employer Sodexo, Inc., in 2006 as a dietary aide. In 2013, Reece was working at a nursing home in Elkin, with which Sodexo had contracted to provide food services. Reece's job required her to cook and serve food, wash dishes, and assist in other kitchen duties. In performing these tasks, Reece had to lift up to approximately 50 pounds and sometimes was required to remove or replace heavy items on shelves above her head. On 11 February 2013, Reece slipped and fell on a wet floor in the dining area, landing on her left knee, left arm, and left hand, experiencing immediate pain in those areas. At the emergency room immediately after her fall, Reece was diagnosed with a left shoulder injury, left wrist sprain and left knee contusion ; given pain medications and a sling for her left arm; and restricted to lifting no more than five pounds.
On 13 February 2013, Reece saw John L. Turner, M.D., "a family physician with an occupational health practice." Turner diagnosed a probable left shoulder rotator cuff tear, as well as a bruised left wrist and knee. He continued a five-pound lifting restriction and added work restrictions of no pushing or pulling over ten pounds and no reaching above shoulder level. Notes from Reece's return visit to Turner on 1 April 2013 indicate that Reece "felt her shoulder was 80% improved.... [and t]here [was] no reference in the record to any body part other than [her] left shoulder." For this reason, Turner was "100 percent focused on [Reece's] left shoulder, not on the knee and not on the wrist any longer[,]" assuming that Reece's "knee condition had resolved completely as of 1 April 2013."
As a result of an MRI that showed Reece had "a full thickness tear of the supraspinatus tendon, tendinitis, mild to moderate AC joint arthrosis, and subacromial spurring[,]" Reece was referred to orthopedic surgeon Byron E. Dunaway, M.D. At an appointment on 5 June 2013, Reece reported "numbness from her left elbow to her left hand and pain in her left thumb." Although Dunaway testified on direct examination that Reece "injured her left wrist, thumb and knee in connection with the 11 February 2013 fall[,]" on cross-examination, he clarified that he did not believe her left thumb "bothered her enough ... to lump that under her Workers' Comp injury." Dunaway explained that Reece's "left thumb arthritis might progress to the point that it limits her ability to lift and grasp items, but ... specified that this would be due to the normal progression of her arthritis, and would not be made worse by her fall." Dunaway did not testify to any specific findings regarding Reece's left knee condition, noting that he had not treated her for that condition and would defer to a treating physician regarding the possible need for further treatment.
Dunaway performed a left rotator cuff repair of Reece's shoulder on 29 July 2013. "The postoperative diagnosis was stable rotator cuff repair, impingement syndrome, and frozen shoulder.... [and Reece] received temporary total disability compensation for eight weeks after the surgery." Reece returned to work in October 2013, with a restriction of no overhead lifting more than five pounds. By a Form 60 filed 4 August 2013, Sodexo admitted compensability of Reece's left wrist, right shoulder, and right arm injuries,[1] and, by a Form 60 filed 18 October 2013, accepted compensability of her left shoulder injury.
On 21 December 2013, as Reece "was handing a plate of food to a [nursing home] resident[,] ... she heard a pop in her left shoulder and experienced intense pain." X rays taken at the emergency room that day "showed that the screws from her 29 July 2013 surgery appeared to be intact [and, Reece] was directed to follow up with her primary care physician and to refrain from using her left upper extremity for three days." Reece returned to work following the incident, and visited Dunaway on 2 January 2014 to follow up regarding her shoulder pain. Dunaway "recommended that [Reece] stop wearing her sling and that she use her left upper extremity as much as she could tolerate[,]" and scheduled an MRI of Reece's left shoulder. Because that MRI revealed "no new large tear [and Reece] demonstrated excellent range of motion, ... Dunaway ... released [Reece] to unrestricted use of her left upper extremity."
Reece returned to Dunaway on 4 March 2014, "report[ing] pain and lack of strength in her left upper extremity." Based on Dunaway's testimony, the Full Commission found as fact that, as of that date, Reece had reached maximum medical improvement with a 22% permanent partial impairment rating to her left arm. However, Dunaway did not assign any work restrictions and did not think any further treatment was required for Reece's left shoulder. Dunaway also testified that a CT arthrogram and second opinion regarding Reece's left shoulder complaints would be reasonable, but "that, while he had no objection to [Reece] participating in a functional capacity examination ("FCE"), he had not ordered one because [Reece] was functioning and doing her job...."[2]
"In April 2014, the nursing home where [Reece worked] was sold, and the new owners contracted with a different food service vendor. [Reece] applied for a position with the new vendor but was not hired.... [and] has not worked since 30 April 2014." Reece did "not return[ ] to work ... [because], 'in my own mind I don't believe nobody (sic) will hire me in the shape that I'm in now.' " Thereafter, Reece filed a Form 23 Application to Reinstate Payment of Disability Compensation. That application was denied by order filed 4 August 2014. On 17 September 2014, Reece filed an amended Form 18 Notice of Accident to Employer and Claim of Employee, listing her left knee condition, left wrist condition, and left thumb condition. Sodexo had previously denied compensability of Reece's left thumb condition via a Form 61 dated 4 March 2014 and denied compensability of the left knee condition by a Form 61 dated 6 October 2014.
On 6 March 2014, Reece requested a second opinion evaluation due to ongoing pain and other symptoms in her left shoulder. Sodexo did not object to the request, but Reece was not able to find a physician who would agree to perform the evaluation for the fee Sodexo agreed to cover. Reece then filed a motion with the Industrial Commission seeking authorization and payment for a second opinion evaluation. In his opinion and award filed 23 October 2014, the deputy commissioner ordered Sodexo to authorize and pay for a second opinion. Sodexo appealed to the Full Commission. Prior to the hearing before the Full Commission, Reece elected to undergo a second opinion evaluation on 9 October 2015 with Gary Poehling, M.D., an orthopedist. "Poehling diagnosed history of repair of left rotator cuff, left jumper's knee[,] and left thumb CMC arthritis." Poehling also "recommended a repeat MRI of [Reece's] left shoulder to assess what he believed to be scar tissue [and].... an [X] ray and an MRI of [Reece's] left knee 'to further diagnose and determine if there is any internal derangement in addition to the patellar tendonitis from the initial injury.' " In its opinion and award, the Full Commission found "no indication in the record that [Reece's] request for a second opinion evaluation extended to her denied left knee condition," or that Sodexo agreed to a second opinion evaluation for that condition. Further, the Full Commission found as fact that "[t]he evidence of record does not appear to contain a diagnosis of patellar tendonitis, or any other mention of that condition" in connection with Reece's 11 February 2013 fall. The Full Commission did not order payment of the cost of Poehling's evaluation or order any additional evaluation.
Ultimately, the Full Commission concluded "that additional medical treatment is reasonable and necessary to effect a cure and/or provide relief for [Reece's] compensable left shoulder injury." However, the Full Commission did not award benefits for an FCE of Reece's shoulder. The Full Commission also denied benefits for further treatment of Reece's left wrist, thumb, and knee conditions, noting, inter alia , that Dunaway had testified that the thumb condition was likely due to "normal wear and tear[,]" that he did not believe her knee or wrist required or would benefit from further treatment, and that Turner testified that Reece's left knee condition related to the compensable injury of 11 February 2013 had required minimal or no treatment and had fully resolved as of 1 April 2013. Thus, the Full Commission found as fact that neither Reece's current left knee condition nor her current left thumb condition was related to her 11 February 2013 work accident. The Full Commission also found that Reece had failed to show that it would be futile for her to continue attempting to find employment, noting particularly that Dunaway did not assign work restrictions to Reece.
Discussion
On appeal, Reece argues that the Commission erred by (1) failing to find and conclude that she was disabled on 30 April 2014 and continuing as a result of her compensable injuries; (2) failing to order her to undergo an FCE; (3) finding and concluding that her left knee, wrist, and thumb conditions are not related to her compensable injury of 11 February 2013; (4) not awarding ongoing disability benefits, an FCE, and treatment for her left knee, thumb, and wrist conditions; and (5) not ordering Sodexo to pay for the second opinion evaluation conducted by Poehling. We affirm.
Standard of Review
Appellate review of an opinion and award of the Full Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." Richardson v. Maxim Healthcare/Allegis Grp. , 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citations and internal quotation marks omitted), reh'g denied , 363 N.C. 260, 676 S.E.2d 472 (2009).
In passing upon issues of fact, the Industrial Commission is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. The Commission may accept or reject the testimony of a witness solely on the basis of whether it believes the witness or not. The findings of the Industrial Commission are conclusive on appeal when supported by competent evidence even though there be evidence to support a contrary finding.
Hilliard v. Apex Cabinet Co. , 305 N.C. 593, 595, 290 S.E.2d 682, 683-84 (1982) (citations omitted).
I. Ongoing disability
Reece first argues that the Full Commission erred in failing to find and conclude that she was disabled on 30 April 2014 and ongoing. We disagree.
Under our Workers' Compensation Act,
[t]he term disability means incapacity because of injury to earn the wages [that] the employee was receiving at the time of injury in the same or any other employment.
... [Thus,] in order to support a conclusion of disability, the Commission must find: (1) that [the] plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that [the] plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by [the] plaintiff's injury. In workers' compensation cases, a claimant ordinarily has the burden of proving both the existence of his disability and its degree.
Id. at 595, 290 S.E.2d at 683 (citations and internal quotation marks omitted).
The employee may meet this burden in one of four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e. , age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.
Russell v. Lowes Prod. Distrib. , 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (citations omitted).
On appeal, Reece draws our attention to various portions of her testimony and testimony from Dunaway about ongoing physical limitations to her range of movement and strength. However, Reece does not challenge any of the Full Commission's specific findings of fact as unsupported by competent evidence. Accordingly, the findings of fact are conclusive and binding on appeal. As noted supra , our task in reviewing an opinion and award is not to comb through the evidence before the Commission in search of evidence that would support different findings of fact and conclusions of law regarding Reece's alleged disability. The Full Commission found as fact that Dunaway released Reece to return to work with restrictions following her compensable injury; he released her to work without any restrictions in January 2014; and Reece continued to work without restrictions from January 2014 until the nursing home changed ownership in April 2014. Thus, Reece has not obtained other work at a lower wage nor has she presented any medical evidence that she is incapable of any work or that she has made a reasonable, but unsuccessful, effort to obtain work. It is undisputed that Reece did not seek employment with any employer other than the new food services contractor with the new owner of the nursing home. In her own testimony, Reece admitted that the new food services contractor declined to hire her because of her past criminal history. No evidence was presented suggesting that Reece's physical limitations, if any, were a contributing factor to her failure to get a job with the only employer to whom she has applied since the nursing home was sold.
Regarding futility, Reece cites Knight v. Wal-Mart Stores, Inc. , for the proposition that
[i]n determining if [a] plaintiff has met this burden [of establishing a loss of wage-earning capacity], the Commission must consider not only the plaintiff's physical limitations, but also [her] testimony as to [her] pain in determining the extent of incapacity to work and earn wages such pain might cause. Moreover, medical evidence that a plaintiff suffers from genuine pain as a result of a physical injury, combined with the plaintiff's own credible testimony that [her] pain is so severe that [she] is unable to work, may be sufficient to support a conclusion of total disability by the Commission.
149 N.C. App. 1, 7-8, 562 S.E.2d 434, 439-40 (2002) (citations and internal quotation marks omitted), affirmed per curiam , 357 N.C. 44, 577 S.E.2d 620 (2003). We agree that the Full Commission, as finder of fact, may determine that factual findings of medical evidence of pain combined with an employee's testimony about pain so severe that the employee cannot work could support a conclusion that the employee is totally disabled. However, this precedent does not require the Commission to accept an employee's testimony regarding pain-as noted supra , "[t]he Commission may accept or reject the testimony of a witness solely on the basis of whether it believes the witness or not." Hilliard , 305 N.C. at 595, 290 S.E.2d at 684. More importantly, Reece did not testify that she was experiencing pain "so severe that [she] is unable to work[.]" See Knight , 149 N.C. App. at 8, 562 S.E.2d at 440. Thus, Knight is inapposite here. This argument lacks merit and is overruled.
II. Request for FCE
Reece next argues that the Full Commission erred in failing to order that she undergo an FCE, specifically contending that "[t]he finder of fact would have benefitted from the types of information typically found in [an FCE] report [,]" but cites no authority whatsoever for this assertion. Indeed, the only case cited by Reece is Bell v. Goodyear Tire & Rubber Co. , 225 N.C. App. 840, 738 S.E.2d 830 (2013) (unpublished), available at 2013 N.C. App. LEXIS 235, an opinion in which this Court held that, where an employee, like Reece, "is at maximum medical improvement and has returned to work without restrictions, the Commission's findings of fact support their conclusion that [the employee] does not need a functional capacity evaluation." Id. at *15. Although unpublished opinions are not binding authority-a point not noted by Reece-we find the reasoning of Bell persuasive and adopt it here: where there is competent evidence that a treating physician, like Dunaway, opined that an FCE is not necessary and the Full Commission's unchallenged findings of fact reveal that an employee has reached maximum medical improvement and has been released to work without restrictions, this Court will not conclude that the Full Commission erred in finding as fact that an FCE is not needed. This argument is overruled.
III. Relation of left knee, wrist, and thumb conditions to compensable injury
Reece also argues the Full Commission erred in concluding that her left knee, wrist, and thumb conditions were not related to her compensable injury of 11 February 2013. Specifically, she contends that there was competent evidence from which the Full Commission could have made different factual findings and asserts that, "[a]though the Full Commission is the finder of fact, it cannot lawfully ignore the greater weight of the evidence in making its findings [,]" citing Young v. Hickory Bus. Furniture , 137 N.C. App. 51, 527 S.E.2d 344, rev'd on other grounds , 353 N.C. 227, 538 S.E.2d 912 (2000). Reece misreads Young . The Court of Appeals in Young did note that the Full "Commission may not wholly disregard or ignore competent evidence and must consider and evaluate all the evidence presented by the parties[,]" but further held that, because "the Commission is the sole judge of the credibility of the witnesses and the weight to be accorded their testimony[,]" it "may accept or reject the testimony of a witness solely on the basis of whether it believes the witness or not." Id. at 54, 527 S.E.2d at 347 (citations and internal quotation marks omitted). Further "[t]he findings of the Industrial Commission are conclusive on appeal when supported by competent evidence even though there be evidence to support a contrary finding ." Hilliard , 305 N.C. at 595, 290 S.E.2d at 684 (citations omitted; emphasis added). As noted supra , the unchallenged findings of fact were that the Full Commission found more credible testimony that Reece's left knee, wrist and thumb conditions were not related to her compensable injury. Reece presents no evidence that the Full Commission "ignored" any evidence in this matter. Accordingly, we overrule this meritless argument.
IV. Ongoing disability benefits, an FCE, and treatment
Based upon her first three arguments, Reece contends that the Full Commission erred in failing to award her ongoing disability benefits, and to award benefits for an FCE and treatment of "injuries to her left shoulder, left arm, left elbow, left wrist, left thumb, and left knee." Having rejected Reece's arguments that she established ongoing disability, the need for an FCE, and a relationship between her compensable injury and her current left side conditions, see sections I, II, and III of this opinion supra , we likewise find no error in the Full Commission's decision not to award Reece the requested benefits.
V. Compensation for evaluation by Poehling
Finally, Reece argues that the Full Commission erred in refusing to order Sodexo to pay for the second opinion evaluation performed by Poehling, noting that a deputy commissioner had ordered Sodexo to cover the cost of such an evaluation. We disagree.
We first note that, although the deputy commissioner did order Sodexo to pay for a second opinion evaluation, she explicitly stated in her order that Poehling was not an appropriate choice to perform the evaluation because he required pre-payment and a fee in excess of that permitted by the fee schedule under the Workers' Compensation Act. See N.C. Gen. Stat. § 97-26 (2015). Prior to Reece's evaluation with Poehling, the Industrial Commission's Nurses' Section had provided Reece with the names of seven orthopedic specialists who were willing to perform the second opinion evaluation for a fee within the fee schedule. Nevertheless, Reece elected to have Poehling perform the evaluation. Further, although section 97-90(a) provides that an employee may request pre-approval of a fee in advance of treatment, see N.C. Gen. Stat. § 97-90(a) (2015), Reece made no such request. Finally, in her motion to introduce Poehling's report into evidence before the Full Commission, she did not request that Sodexo be ordered to pay for the cost of the evaluation. Thus, in our view, where the deputy commissioner had alerted Reece that Poehling's fee exceeded that permitted under the fee schedule, Reece failed to request pre-approval of a fee for the second opinion evaluation, and Reece also failed to request that the Full Commission order Sodexo to pay Poehling's fee, the Full Commission properly did not address the issue of Poehling's fee in its opinion and award.
Sodexo's Request for Attorneys' Fees
Sodexo asks this Court to award costs and attorneys' fees as a sanction for Reece's appeal pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure. Rule 34(a) permits an appellate court to "impose a sanction against a party ... when the court determines that an appeal or any proceeding in an appeal was frivolous because ... the appeal was not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]" N.C.R. App. P. Rule 34(a)(1). Here, as Sodexo notes, Reece has persisted in litigating the issue of disability even though she has been fully released to work without restrictions since January 2014, has not sought a new job since April 2014, and produced no medical support for her disability claim before the Commission. In addition, Reece has continued to seek a ruling that Sodexo cover the costs of Poehling's second opinion examination, despite the undisputed fact a deputy commissioner had previously declared Poehling an inappropriate physician to perform the evaluation because his fees exceeded those permitted under the fee schedule. We agree with Sodexo that Reece's appeal on these matters in particular was frivolous, and, accordingly, we award costs and attorneys' fees to Sodexo as a sanction against Reece. We remand to the Industrial Commission for determination of the costs and attorneys' fees incurred by Sodexo in defending this appeal.
Conclusion
The Full Commission's opinion and award is
AFFIRMED AND REMANDED.
Report per Rule 30(e).
Judges BRYANT and CALABRIA concur.

All other documents in the record on appeal and the opinion and award appealed from, as well as Reece's testimony before the deputy commissioner, focus on left-side injuries suffered by Reece. It is unclear whether the 4 August 2013 Form 60's reference to right shoulder and right arm injuries was a clerical error.

Reece reported continuing pain in her left shoulder and wrist as of the date of the hearing before the deputy commissioner, but Dunaway was not able to testify about whether he believed Reece had any ongoing limitations on her ability to work "because he had not seen [Reece] for almost a year at the time of his deposition."